**UNITED STATES ex rel. Gerald MAYO**

v.

**SATAN AND HIS STAFF.**

Misc. No. 5357.

United States District Court,
W. D. Pennsylvania.

Dec. 3, 1971.

Gerald Mayo, pro se.

MEMORANDUM ORDER

WEBER, District Judge.

Plaintiff, alleging jurisdiction under 18 U.S.C. § 241, 28 U.S.C. § 1343, and 42 U.S.C. § 1983 prays for leave to file a complaint for violation of his civil rights

in forma pauperis. He alleges that Satan has on numerous occasions caused plaintiff misery and unwarranted threats, against the will of plaintiff, that Satan has placed deliberate obstacles in his path and has caused plaintiff's downfall.

Plaintiff alleges that by reason of these acts Satan has deprived him of his constitutional rights.

We feel that the application to file and proceed in forma pauperis must be denied. Even if plaintiff's complaint reveals a prima facie recital of the infringement of the civil rights of a citizen of the United States, the Court has serious doubts that the complaint reveals a cause of action upon which relief can be granted by the court. We question whether plaintiff may obtain personal jurisdiction over the defendant in this judicial district. The complaint contains no allegation of residence in this district. While the official reports disclose no case where this defendant has appeared as defendant there is an unofficial account of a trial in New Hampshire where this defendant filed an action of mortgage foreclosure as plaintiff. The defendant in that action was represented by the preeminent advocate of that day, and raised the defense that the plaintiff was a foreign prince with no standing to sue in an American Court. This defense was overcome by overwhelming evidence to the contrary. Whether or not this would raise an estoppel in the present case we are unable to determine at this time.

If such action were to be allowed we would also face the question of whether it may be maintained as a class action. It appears to meet the requirements of Fed.R. of Civ.P. 23 that the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the representative party is typical of the claims of the class. We cannot now determine if the representa-

tive party will fairly protect the interests of the class.

We note that the plaintiff has failed to include with his complaint the required form of instructions for the United States Marshal for directions as to service of process.

For the foregoing reasons we must exercise our discretion to refuse the prayer of plaintiff to proceed in forma pauperis.

It is ordered that the complaint be given a miscellaneous docket number and leave to proceed in forma pauperis be denied.