**COALITION FOR SAFE NUCLEAR POWER and Living in a Finer Environment, Petitioners,**

v.

**UNITED STATES ATOMIC ENERGY COMMISSION and the United States Of America, Respondents, The Toledo Edison Company and The Cleveland Electric Illumination Company, Intervenors.**

No. 71–1396.

United States Court of Appeals, District of Columbia Circuit.

April 7, 1972.

Mr. Jerome S. Kalur was on the motions for petitioners.

Messrs. Edmund B. Clark and Peter R. Steenland, Attys., Dept. of Justice, and Mr. Marcus A. Rowden, Associate Solicitor, Atomic Energy Comm., were on the motion to deny petitioners' motion for hearing, for respondents.

Mr. Gerald Charnoff, Washington, D. C., was on the response for intervenors.

Before WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

The controversy currently before us concerns a decision whether to suspend construction of a nuclear power plant pending the full N.E.P.A. review that is required as a result of our decision in Calvert Cliffs' Coordinating Committee v. A.E.C., 146 U.S.App.D.C. 33, 449 F.2d 1109, decided by this court on July 23, 1971. We originally remanded the record in this case to the A. E.C. for the initial decision on this question. The Commission, after consideration of briefs by petitioners—who seek suspension—and by the power company, decided not to suspend. Petitioners filed a motion for an order to show cause seeking to compel the return of the record to this court. Petitioners also seek an interlocutory injunction staying construction until this court adjudicates their claim that the A.E.C. has not taken into account in its decision appropriate environmental concerns. Since the record has now been returned to the court, we deny the motion for order to show cause as moot. With respect to the motion for interlocutory injunction, we view it to be premature at this time, and remand the record to the agency with instructions.

The A.E.C. provides a hearing procedure for any party other than the licensee who objects to a determination of the Commission on the question of suspension of a construction permit pending full N.E.P.A. review. 10 C.F.R. part 50 Appendix D ¶ E 4(b). Efficient interaction between courts and agencies requires that as a general rule all procedures before the agency be exhausted prior to judicial review. We understand petitioners' objection to availing themselves of this hearing mechanism to be the delay involved. We note that the regulations which offer petitioners a hearing also provide that the

Commission may prescribe the time within which a proceeding shall be completed. 10 C.F.R. part 50 Appendix D ¶ E 4(c). Since no hearing was requested, the Commission had no occasion to set a limit pursuant to the above regulation. However, since the question of the suspension remains viable only so long as the N.E.P.A. review has not been completed, time is of the essence. On remand, a time limit should be prescribed by the Commission so that the record may be returned to this court not more than 60 days from the date of this opinion.

The Commission has set forth in its regulations promulgated pursuant to *Calvert Cliffs'* three factors to be considered and weighed in the determination of the question of suspension of a construction permit pending completion of a full N.E.P.A. review:

2. In making the determination called for in paragraph 1, the Commission will consider and balance the following factors:

(a) Whether it is likely that continued construction or operation during the prospective review period will give rise to a significant adverse impact on the environment; the nature and extent of such impact, if any; and whether redress of any such adverse environmental impact can reasonably be effected should modification, suspension or termination of the permit or license result from the ongoing NEPA environmental review.

(b) Whether continued construction or operation during the prospective review period would foreclose subsequent adoption of alternatives in facility design or operation of the type that could result from the ongoing NEPA environmental review.

(c) The effect of delay in facility construction or operation upon the public interest. Of primary importance under this criterion are the power needs to be served by the facility; the availability of alternative sources, if any, to meet those needs on a timely basis; and delay costs to the licensee and to consumers. 10 C.F.R. part 50 Appendix D ¶ E 2. .

Omitted from these factors, and from meaningful exposition in the initial Commission decision not to suspend the permit here in question, is a consideration central to the *Calvert Cliffs'* decision, i. e. whether the environmental harm outweighs the economic cost of abandonment, *Calvert Cliffs'*, 146 U.S. App.D.C. at 37–38, 449 F.2d 1113–1114.

■ Since the decision reached on whether to go forward with the project depends, to some extent at least, on a balance of the environmental harm and the economic cost of abandonment, each additional increment to the amount of money invested in the project tilts the balance away from the side of environmental concerns.[1] The initial A.E.C. decision noted that the additional construction during the period pending completion of the N.E.P.A. review represents a "substantial increase in investment." Initial A.E.C. decision at 9. On remand, the Commission should consider in detail whether this additional irretrievable commitment of substantial resources might affect the eventual decision reached on the N.E.P.A. review. The degree to which this expenditure might affect the outcome of the final N.E.P.A. process should be a paramount consideration in the decision on suspension reached after the hearings on remand.

---

1. We realize of course, that a construction permittee, particularly after *Calvert Cliffs'*, proceeds at its own financial risk with respect to any investment made prior to the completion of judicial review of an operating license supported by an appropriate N.E.P.A. environmental impact statement, but this is simply another reason for expedition in the Commission's consideration of the potential environmental harm resulting from the completion and operation of the project.