**Victor H. HEDLEY and Mariana P. Hedley, Plaintiffs-Appellants,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

No. 78–3101

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 9, 1979.

Victor H. Hedley, pro se.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Leonard J. Henzke, Jr., Aaron Philip Rosenfeld, Attys., Tax Div.— Dept. of Justice, Washington, D. C., for defendants-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Victor H. Hedley and Mariana P. Hedley brought suit in federal district court to enjoin the Internal Revenue Service from placing a tax lien against their home. The Hedleys appeal the district court's action in dismissing their suit for failure to state a claim. We affirm.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

The Hedleys assert that the district court erred in denying their motion that the IRS be required to produce certain materials under the Freedom of Information Act. 5 U.S.C. § 552(a)(6)(A)(ii). 5 U.S.C. § 552(a)(4)(B) provides in part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(6)(C) provides, in part:

> Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

Although these sections do not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial relief, they clearly do imply that exhaustion is required. Exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action. *Coalition for Safe Nuclear Power v. United States Atomic Energy Commission*, 150 U.S. App.D.C. 118, 119, 463 F.2d 954, 955 (1972); *Davis v. Nelson*, 329 F.2d 840, 847 (9th Cir. 1964). We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review. *Morpugo v. Board of Higher Education of New York*, 423 F.Supp. 704, 714 n.26 (S.D.N.Y.1976); *Satra Belarus, Inc. v. NLRB*, 409 F.Supp. 271, 272–73 (E.D.Wisc. 1976). Not only have the Hedleys failed to allege exhaustion, but the record here shows that the IRS did not receive their Freedom of Information Act request until after they made their motion for compliance in the district court. The district judge therefore properly denied their FOIA motion.

The Hedleys also contest the validity of the tax lien on their homestead and urges that the imposition of the lien without a prior judicial determination violates due process. They assert that the Anti-Tax Injunction Act, 26 U.S.C. § 2421, does not bar relief against the IRS here, that a three-judge court should have been convened to hear their arguments, and that the district judge who tried their case was biased. We have examined each of these assignments of error and find them to be without merit.

AFFIRMED.