**Harold J. JENKS, Plaintiff,**

v.

**UNITED STATES MARSHALS SERVICE, Defendant.**

**No. C-3-81-174.**

United States District Court,
S. D. Ohio, W. D.

June 9, 1981.

Jeffrey E. Froelich, Dayton, Ohio, for plaintiff.

Robert J. Fogarty, Asst. U. S. Atty., Dayton, Ohio, for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS; OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICE, District Judge.

This case concerns a request to defendant, United States Marshal's Service, for disclosure of information under the Freedom of Information and Privacy Act ("FOIA"), 5 U.S.C. § 552 (1976). This matter is before the Court on plaintiff's motion for summary judgment, and on defendant's motion to dismiss, or in the alternative, cross motion for summary judgment.

Plaintiff, Harold J. Jenks, through his counsel, wrote to defendant on or about December 15, 1980, and again on approximately January 7, 1981, requesting all information in defendant's possession regarding himself and John H. Puckett, who is not a party to this action. Plaintiff is currently awaiting trial in this Court on a five count indictment, involving alleged illegal counterfeiting activities. Puckett, the other person about whom plaintiff sought information, is expected to appear at trial as a witness for the government, and is presently in the government's Witness Protection Program.

On approximately March 12, 1981, plaintiff received a response from defendant concerning his request. Plaintiff was advised that defendant maintained no records concerning him. Plaintiff was further advised that the documents ·maintained on Puckett were being withheld pursuant to various FOIA exemptions. E. g., 5 U.S.C. § 552(b)(3) and (b)(7)(A), (C), (E), and (F).

On March 26, 1981, plaintiff moved for summary judgment concerning his own records, and is seeking an order assessing costs against the government for failure to comply with the relevant time provisions of the FOIA, in responding to his request (doc. # 6). On April 17, 1981, defendant filed a motion to dismiss, or in the alternative, cross motion for summary judgment. The motion to dismiss is grounded on a failure to exhaust administrative remedies. The cross motion for summary judgment is directed to defendant's decision to withhold the information it maintains on Puckett.

Because the defendant's motion to dismiss challenges the jurisdiction of the Court, it will be considered as a threshold matter. After setting forth its reasons for denying same, the Court will turn to the parties' cross motions for summary judgment.

## I. DEFENDANT'S MOTION TO DISMISS

When plaintiff filed this action to compel disclosure from defendant on January 29, 1981, over one month had elapsed since the initial request had been made. At that time, defendant had not responded to plaintiff's request nor had plaintiff received notice of any time extension. See, 5 U.S.C. § 552(a)(6)(A)(i) and (6)(B); see also, 28 C.F.R. § 16.5(a) and (c). More than an additional month elapsed before plaintiff was informed that defendant maintains no records on him, and that the documents it maintains on Puckett were being withheld.

Defendant has now moved to dismiss the complaint on the grounds that plaintiff failed to exhaust all administrative remedies available to him, prior to commencing the instant action. The motion is predicated on plaintiff's failure to treat defendant's lengthy delay as a denial of the initial request, and thereafter, to file an administrative appeal of that denial. Specifically, defendant contends that plaintiff was required, and failed to follow the procedure set forth in 28 C.F.R. § 16.5(d), which provides in pertinent part: "If no determination has been dispatched at the end of the ten-day period, or the last extension thereof, the requester may deem his request denied, and exercise a right of appeal in accordance with § 16.7."

Section 16.7, 28 C.F.R., sets forth the procedures for appealing from initial denials of FOIA requests. Section 16.7(e), 28 C.F.R., provides in part:

> *Treatment of delay as denial.* If no determination on the appeal has been dispatched at the end of the twenty-day period or the last extension thereof, the requester is deemed to have exhausted his administrative remedies, giving rise to a right of review in a district court of the United States as specified in 5 U.S.C. 552(a)(4).

Thus, under the regulations, a delay in responding to the initial request gives the requester the right to pursue an administrative appeal. Only if there is an untimely delay in rendering a decision on the appeal is the requester entitled to consider his administrative remedies exhausted.

Essentially, defendant contends that plaintiff cannot be deemed to have exhausted his administrative remedies solely because defendant delayed in responding to the initial request. Because section 16.5(d), 28 C.F.R., provides that such delays are to be treated as denials, which triggers the right of appeal, defendant argues that plaintiff should have administratively appealed when he did not receive a timely response. In other words, it is defendant's position that the regulations require plaintiff to pursue an appeal, and since plaintiff did not follow this administrative avenue, he failed to exhaust all administrative remedies made available to him.

Plaintiff's only direct response to defendant's exhaustion argument appears in his Memorandum in support of summary judgment (doc. # 6). Therein, he states:

> Title five U.S.C. § 552(C) [sic] [5 U.S.C. § 552(a)(6)(C)] specifically provides that any person making a request to an agency for records shall be deemed to have exhausted his administrative remedies

with respect to such request if the agency fails to comply with the applicable time limit provisions.

Presumably, it is plaintiff's position that the literal language of section 552(a)(6)(C) [1] renders an administrative appeal optional where the agency delays a response to an initial request beyond the applicable time limits, and that such delay allows him to consider his administrative remedies exhausted, and, therefore, to seek immediate judicial review. It appears that plaintiff relies on section 552(a)(6)(C) to counter defendant's contention that plaintiff must follow the procedure set forth in 28 C.F.R. §§ 16.5(d) and 16.7, before bringing an action in this Court. In other words, despite the fact that the regulations provide him an additional administrative remedy, the statute, itself, does not require that said remedy be exhausted.

Thus, the issue before the Court is whether a party making an FOIA request, to which no timely response is dispatched, is required to follow the procedures set forth by the Department of Justice, 28 C.F.R. §§ 16.5(d) and 16.7, before he is deemed to have exhausted his administrative remedies, thereby entitling him to file a complaint in federal district court to compel disclosure. Defendant's authority does not resolve this question and the Court's research indicates that this precise issue has not been previously addressed.

Defendant relies on *Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979), to support its contention that a requester must pursue an administrative appeal as a prerequisite to judicial review, and that failure to do so constitutes failure to exhaust administrative remedies. In *Hedley*, the Court made the following statements regarding exhaustion under the FOIA, based on its interpretation of 5 U.S.C. § 552(a)(4)(B) [2] and (6)(C):

---

**1.** The precise language of the pertinent portion of section 552(a)(6)(C) is as follows:

Any person making a request to any agency for records under paragraphs (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with

respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

**2.** 5 U.S.C. § 552(a)(4)(B) provides in part:

On complaint, the district court of the United States in the district in which the complain-

**1386**

Although these sections do not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial review, they clearly do imply that exhaustion is required. Exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action. [citations omitted] We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review. [citations omitted]

*Id.* at 1044.

This Court wholly agrees with the Fifth Circuit's conclusion that a requester must demonstrate that he has exhausted his administrative remedies. However, the Court does not agree that *Hedley* is directly on point, or that the above quoted passage implicitly stands for the proposition that a requester must exhaust all administrative remedies made available to him under the regulatory scheme, where the statute, itself, permits him to deem his administrative remedies exhausted at an earlier stage in the process. The facts in *Hedley* simply did not raise the issue presented in the case at bar.

First, it appears that the appellants in *Hedley* based their motion to order production of 5 U.S.C. § 552(a)(6)(A)(ii), which deals with appeals from initial denials, and not, as in this case, on 5 U.S.C. § 552(a)(6)(A)(i), which deals with agency responses to initial information requests. *See, Hedley,* 594 F.2d at 1044. Second, and more importantly, the Court in *Hedley* affirmed the trial court's denial of appellant's FOIA motion on the following grounds: "Not only have the Hedleys failed to allege exhaustion, but the record here shows that *the IRS did not receive their Freedom of Information request until after they made their motion for compliance in the district court.*" *Id.* at 1044 (emphasis added). The Court's conclusion that appellants had failed to exhaust their administrative reme-

dies was, therefore, based on the fact that the agency had not received the appellants' request until after the court proceedings were commenced, and not because the appellants had failed to appeal after their initial request had been denied or the time within which to respond had expired. Thus, the *Hedley* Court's remarks with respect to exhaustion have only tangential bearing on the situation presented in the case at bar, where plaintiff relies on 5 U.S.C. § 552(a)(6)(C) to withstand defendant's exhaustion argument.

■ *Hedley is* applicable to the extent that it requires a requester to present proof that he has exhausted his administrative remedies. *See also, Satra Belarus, Inc. v. NLRB,* 409 F.Supp. 271, 272–73 (E.D.Wis. 1976). Applying that proposition to this case, the Court is of the opinion that, by relying on section 552(a)(6)(C), plaintiff has made the necessary showing, notwithstanding the fact that he did not follow the regulatory procedures, which enabled him to file an appeal when the agency did not respond to the initial request in a timely fashion. 28 C.F.R. § 16.5(d). Under 5 U.S.C. § 552(a)(6)(A)(i) and (6)(B), defendant was required either to respond within ten days or to give plaintiff written notice that the time limit was being extended due to "unusual circumstances." Despite these time constraints, it is undisputed that defendant did not respond to plaintiff's initial request until almost three months had elapsed. Clearly, defendant failed to comply with the time limit provisions of the applicable subsections of the FOIA.

Defendant urges this Court to rule that plaintiff should have treated this delay as a denial, and filed an administrative appeal because this is the procedure established in the regulations. 28 C.F.R. §§ 16.5(d) and 16.7. However, in this Court's opinion, the plaintiff correctly relied on the literal language of section 552(a)(6)(C) of the FOIA,

---

ant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from with-

holding agency records and to order the production of any agency records improperly withheld from the complainant.

which allows him to deem his administrative remedies exhausted whenever an agency fails to comply with the applicable time limit provisions, whether it be at the initial request stage or at a more advanced stage in the request process. To conclude that a requester must file an administrative appeal when an agency fails to timely respond to an initial request, as provided in the regulations, would add an administrative step not contemplated or required under the statute. This Court declines to impose that additional requirement.

■ Therefore, this Court concludes that plaintiff had the option to administratively appeal, pursuant to 28 C.F.R. §§ 16(d) and 16.7, when defendant did not respond to his request within the applicable time limit provisions. The Court further concludes that plaintiff also had the option, which he exercised in this case, to deem his administrative remedies exhausted when defendant failed to comply with the time limit provisions, and, thereafter, to file his complaint pursuant to 5 U.S.C. § 552(a)(4)(B). Finally, in light of the language of 5 U.S.C. § 552(a)(6)(C), this Court concludes that defendant's contention that plaintiff failed to exhaust his administrative remedies, because he did not follow the regulatory procedures, is without merit, and defendant's motion to dismiss, pursuant to Rule 12(b), is overruled.

## II. CROSS MOTIONS FOR SUMMARY JUDGMENT

Having determined that plaintiff exhausted the administrative remedies required of him under the FOIA, the Court must now consider the parties' cross motions for summary judgment.

Plaintiff has moved for summary judgment "in that part of his suit concerning the records of plaintiff, Harold J. Jenks, (doc. # 6, at 1), and seeks an order assessing costs against defendant for its failure to comply with the relevant time provisions of the FOIA (*id.*, at 2). In the first paragraph of his supporting memorandum, plaintiff states:

Since the defendant has now responded that it does not have any agency records concerning the plaintiff . . . that part of plaintiff's complaint is arguably moot. However, plaintiff has also demanded reasonable attorney fees and other litigation costs necessitated by the defendant's action.

*Id.* at 1. The following four paragraphs of the memorandum address, respectively, the four defenses asserted by defendant in its Answer. The sixth paragraph concerns defendant's failure to respond to plaintiff's request in a timely fashion, and the final paragraph concerns the demand for attorney fees and costs.

Absent from plaintiff's motion and memorandum is any mention, express or otherwise, of defendant's decision to withhold the information it maintains on Puckett. Unless the general statement in the last paragraph of the memorandum, where plaintiff "demand[s] judgment against the defendant and an order assessing against the United States reasonable attorney fees and other litigation costs reasonably incurred in this case," *id.*, at 2, is construed to include an order for production of the documents concerning Puckett, plaintiff has not raised the issue whether defendant properly invoked the various FOIA exemptions to withhold these documents. In light of the express wording of the motion, itself, seeking "an order granting summary judgment in that part of his suit *concerning the records of plaintiff* . . ."(emphasis added), it would appear to be an unwarranted distortion to conclude that plaintiff is seeking any ruling whatsoever regarding defendant's decision with respect to the documents concerning Puckett. Relying strictly on the language of plaintiff's submissions on this motion for summary judgment, the only issue expressly raised concerns the award of attorney fees and other costs incurred by plaintiff in his efforts to obtain information about himself from defendant.

For reasons about which this Court declines to speculate, defendant's cross motion for summary judgment addresses the very issue which plaintiff does not appear to have raised, namely, whether the docu-

ments defendant maintains on Puckett have been legally withheld. *See*, doc. # 7, at 1. Most of the supporting memorandum is devoted to this issue, with specific discussion of each of the exemptions upon which defendant relied to withhold the information. The only issue squarely raised by plaintiff, concerning fees and costs, is addressed briefly at the end of the defendant's memorandum.

Since it is not at all clear that plaintiff intends to dispute the defendant's decision to withhold the documents it maintains concerning Puckett, and, in any event, since plaintiff has not raised the matter in his motion for summary judgment, that issue is not a proper posture for consideration at this point in the proceedings. There is simply no reason for which the Court is aware to consider defendant's contentions regarding the invocation of the FOIA exemptions, when plaintiff has not challenged the decision. Thus, the remainder of this discussion will be limited to the narrow issue of whether plaintiff is entitled to an award of attorney fees and other costs of litigation incurred by him in his efforts to obtain information about himself from defendant.

■ Plaintiff seems to be contending that he is entitled to an award of fees and costs on the ground that defendant failed to comply with the applicable time limit provisions of the FOIA, and because defendant made no response to the initial request until well after the present lawsuit was commenced. While the record certainly bears out plaintiff's claim of lengthy delay, this Court has been apprised of no authority that would permit it to assess fees and costs against the defendant as a punitive measure for the delay. Under the FOIA, a "court may assess against the United States reasonably attorney fees and other costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(1976). This provision clearly does not authorize the award sought by plaintiff since it permits an award of costs only where the requester "substantially prevailed." At this point, plaintiff has yet to prevail on any aspect of his request for information from defendant.

Therefore, this Court concludes that plaintiff has presented no cognizable basis upon which the Court is authorized to assess attorney fees and other litigation costs against the United States. Whether or not he may be entitled to such an award with respect to his request for information concerning Puckett is not an issue before the Court, and will not be ripe for consideration unless and until plaintiff "substantially prevail[s]," at some later date, on that facet of his complaint.

Based on the aforesaid, the Court has reached the following conclusions with respect to the parties' cross motions for summary judgment. Plaintiff's motion for summary judgment, seeking an award of attorney fees and other litigation costs incurred in his efforts to obtain information about himself from defendant is not well taken and is, therefore, overruled in its entirety. That portion of defendant's cross motion for summary judgment, seeking a determination regarding the propriety of defendant's decision to withhold the documents it maintains on Puckett is premature and is, therefore, overruled. Finally, that portion of defendant's cross motion for summary judgment, seeking judgment against plaintiff on the matter of fees and costs is well taken, and is, therefore, granted.