**Kent © NORMAN, Plaintiff,**

v.

**Ronald REAGAN, et al., Defendants.**

**Civ. No. 81-1054.**

United States District Court,
D. Oregon.

June 9, 1982.

Kent © Norman, pro se.

## ORDER

REDDEN, District Judge.

In this action, Kent © Norman[1] seeks redress of grievances. I previously dismissed the action as frivolous, *see Bell v. Hood,* 327 U.S. 678, 682-3, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). A panel of the Ninth Circuit disagreed and reversed. A brief summary of the contents of this file may be helpful in understanding my present decision to dismiss this case for lack of prosecution.

There are numerous defendants and claims. The first defendant appears to be Ronald Reagan, who, in terms of the plaintiff's "amendment complaint," has caused the plaintiff great vexation:

Plaintiff alleges that defendant Reagan has acted with deliberate, reckless, and nefarious disregard of his constitutional rights, in this, to wit:

1) Defendant caused "civil death" without legislation.

2) Defendant allowed plaintiff to suffer irrepairable [sic] harm and neglect.

3) Defendant has acted with redundance and malicious conduct in neglecting plaintiff.

4) Defendant allowed numerous abuses of plaintiff's person, property, and liberty while governor of California and president.

5) Defendant Reagan has deprived plaintiff of his right to vote and caused, either directly or indirectly, arrests upon false, incorrect, or misleading information.

6) Plaintiff has no adequate remedy at law to redress these wrongs without due course of process.

There are also a number of parking tickets in the file. The plaintiff apparently demands a jury trial in federal court for the parking fines assessed by Multnomah County. The plaintiff also seeks an order requiring the Interstate Commerce Commission to investigate White Line Fevers From Mars, which is succinctly referred to elsewhere in the file as "W. L. F. F. M." This defendant is not, despite the name, of genuine extra-terrestrial origin, but is apparently a fruit company which shipped marijuana and cocaine in "fruit boxes" for Mother's Day. The plaintiff's trucking license was suspended by the Interstate Commerce Commission as a result of some incident involving the plaintiff's transportation of White Line Fevers' fruit boxes. Plaintiff also seeks Supplemental Security Income (SSI) payments, apparently as a result of this incident, and punitive damages against Reagan and the Secretary of the Treasury for withholding of the SSI payments.

---

1. The plaintiff's name apparently includes the copyright sign.

There are also certain other claims which the court is at a loss to characterize, and can only describe. There is included in the file a process receipt which bears the "Received" stamp of the Supreme Court of the United States. On this form are the notations, apparently written by the plaintiff, "Taxes due" and "D.C. Circuit was green" as well as "Rule 8 . . . Why did you return my appeal form? Why isn't the '1840' W. 7th mailbox still next to the 1830 one?" and "Something suspicious about that mailbox." There are also other notations on the form.

There is also the following "claim":
The birds today
Are singing loudly,
The day is fresh
With the sounds
Upon the wind
The crickets.
The blackbirds
The woodpeckers
Beauty in every
Spark of life
Just So their sounds
Are appreciated
Their sounds are beauty
The ants are silent
But always searching
The birds noise a song
and the fade of the automobile tires
     Chirp. A shadow from
a passing monarch butterfly
     Breathless in Colorado.

Kent © Norman<br>1981

It is possible, of course, that this is not intended as a claim at all, but as a literary artifact. However it may be that, liberally construed, the references to the birds, crickets, ants, and butterfly could constitute a *Bivens* claim. *See Bivens v. Six Unknown-Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *U. S. ex rel. Mayo v. Satan and His Staff,* 54 F.R.D. 282 (W.D. Penn.1971).

At any rate, following the Ninth Circuit's remand the marshals attempted to serve the President and the other defendants. The plaintiff, however, seems to have lost touch with the court, or lost interest, or both. Since the receipt of the remand in the district court on March 1, 1982, he has taken no action on the case. Mail addressed to him is returned. The discovery deadline and Pre-trial Order deadline have passed, without any response to the court's notifications to the plaintiff. Perhaps the plaintiff has elected to pursue his remedies in some more convenient forum. I therefore DISMISS this action for want of prosecution.