Dorothy M. LILIENTHAL & Herbert E. Lilienthal, Plaintiffs,

v.

Charles A. PARKS, District Director of IRS, Defendant.

No. J–C–82–91.

United States District Court, E.D. Arkansas, Jonesboro Division.

May 5, 1983.

Dorothy M. and Herbert E. Lilienthal, pro se.

Diane S. Mackey, Asst. U.S. Atty., Little Rock, Ark., Paige E. Reffe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Plaintiffs have filed suit *pro se* pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, the First & Fifth Amendments to the United States Constitution, and 28 U.S.C. § 1361, in order to compel the Internal Revenue Service (IRS) to produce certain documents relating to the plaintiffs. The defendant has moved to dismiss the complaint. For the reasons set forth below, the motion is granted.

FACTS

The plaintiffs are two Arkansas citizens who seek to review records and all agency requests for information about them, as contained in tax files held by the IRS. Defendant is Director of the IRS office for the State of Michigan.[1] In their April 8, 1982, complaint, the plaintiffs state that they had written the defendant on two occasions to obtain the information they seek, but that the defendant failed to respond to their requests within the ten-day time limitation specified in 5 U.S.C. § 552(a)(6)(A)(i). They also contend that they have exhausted their administrative remedies and are consequently entitled to both affirmative injunctive relief—*i.e.* an order from this Court compelling the production of the documents—as well as attorneys fees.

The defendant admits that written requests were received, but states that the plaintiffs have not exhausted their administrative remedies. Specifically, the defendant contends that plaintiffs have failed to submit "proper" requests, since the written requests received by the IRS failed to identify properly the requesting parties in accordance with agency regulations.

The record indicates that in a letter dated March 5, 1982, plaintiff Herbert Lilienthal requested the information from the Michigan office of the Department of the Treasury. His wife and co-plaintiff, Dorothy Lilienthal, made an identical request in a letter dated March 8, 1982. Both letters were received in the District Director's office on March 11, 1982.

On March 12, 1982, the defendant wrote both plaintiffs and informed them that their requests were inadequate. Defendant stated that the plaintiffs must: provide a more detailed description of the records they sought; provide their "taxpayer identification number" (*e.g.*, their social security number); and provide adequate verification of their identity. The Court observes that although the defendant's instructions

were contained in a form letter, the form clearly indicated the steps the plaintiffs must take to comply with the IRS's requirements.

On March 23, 1982, the plaintiffs each mailed letters to the defendant in an apparent attempt to comply with the requirements outlined in the defendant's March 12, 1983, letters. This time, the plaintiffs more clearly identified the information they sought and provided their social security numbers. They did not, according to the defendant, comply with the requirements for the verification of their identity. Therefore, on March 26, 1982, the defendant again wrote both of the plaintiffs to inform them of their requests' remaining deficiency. As the defendant's letters disclosed, the plaintiffs could meet the identification requirement by either of two means: submitting their "signature, address and one other identifier which contains the requester's signature such as a photocopy of a driver's license,"; or by presenting "a notarized statement swearing to or affirming" their identity.

The plaintiffs never submitted such information. Instead, they filed the pending suit on April 8, 1982, and requested the relief noted above.

APPLICABLE LAW

1. *FOIA Issue*

Under 5 U.S.C. § 552(a)(4)(B), a federal district court may "enjoin [an] agency from withholding agency records and ... order the production of any agency records improperly withheld from the complainant." It may also award attorneys fees to a complainant who has substantially prevailed in its effort to obtain information. 5 U.S.C. § 552(a)(4)(E). *See Ginter v. Internal Revenue Service,* 648 F.2d 469 (8th Cir.1981).

■ Yet it is axiomatic that the federal court may not act if it lacks subject matter jurisdiction. Before a court may review

---

**1.** Defendant contends that since he is merely an officer of the IRS, he is not a proper party defendant to an action brought under the FOIA or the Privacy Act. Instead, he asserts that the

agency is the proper party defendant. Since the Court dismisses the case on other grounds, it need not reach this issue.

administrative actions (or inaction), it must first determine whether the statute under which the claim is brought requires exhaustion of administrative remedies. If the statute requires such exhaustion and the Court finds the plaintiff has not exhausted his remedies, then the Court lacks jurisdiction and the case must be dismissed.

The Fifth Circuit addressed the exhaustion issue in connection with the FOIA and determined:

> Although these sections do not expressly require that a claimant exhaust his administrative remedies prior to requesting judicial relief, they clearly do imply that exhaustion is required. Exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action. * * * We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review.

*Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979) (citations omitted). This Court believes that *Hedley* is well-founded.

Perhaps in an effort to ensure that the exhaustion requirement not be too onerous, Congress provided in 5 U.S.C. § 552(a)(6)(C) that with certain exception:

> Any person making a request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions....

Thus, if the defendant failed to comply with the applicable deadlines, the plaintiffs' administrative remedies could be deemed exhausted.

■ In this case, the defendant complied with the applicable deadlines. Under 5 U.S.C. § 552(a)(6)(A)(i), the agency must *determine within ten days* after receipt of a request whether to comply with the request.[2] It must then immediately notify the person making the request of its decision. The defendant responded to each of the plaintiffs' requests within ten days of receipt. Therefore, section 552(a)(6)(C) is unavailing to the plaintiffs. *Cf. Jenks v. United States Marshals Service*, 514 F.Supp. 1383, 1387 (S.D.Ohio 1981) (remedies deemed exhausted under section 552(a)(6)(C) because defendant failed to make a determination within deadline).

The Court must thus determine whether the plaintiffs have otherwise exhausted their administrative remedies. It is clear they have not. Although the FOIA vests individuals with a means of obtaining certain government records from federal agencies, the Act contemplates the creation of procedures that individuals must follow if they seek to obtain such information. *See* 5 U.S.C. §§ 552(a)(1), (4). The IRS has promulgated regulations that describe the applicable procedures for an FOIA request. *See* 26 C.F.R. § 601.702 (1982). For purposes of this lawsuit, the most critical are those that outline the means by which a person establishes his identity. For one who, like plaintiffs, requests documents by mail, he may normally meet the identification requirement through:

> The submission of the requester's signature, address, and one other identifier (such as a photocopy of a driver's license) bearing the requester's signature, in the case of a request by mail, or

> ... The presentation ... of a notarized statement swearing to or affirming such person's identity.

26 C.F.R. §§ 601.702(c)(4)(ii)(B), (C) (1982).[3]

■ It is clear from the copies of the correspondence between plaintiffs and defendant, that plaintiffs provided neither "one other identifier" nor a "notarized statement swearing to or affirming [their]

---

2. In "unusual circumstances", the period may be extended for up to ten more days. *See* 5 U.S.C. § 552(a)(6)(B).

3. In some cases, the IRS may require additional means of verifying the requester's identity. *See* 26 C.F.R. § 601.702(c)(4)(ii) (1982) ("Additional proof of a person's identity shall be required ... if it is determined that additional proof is necessary to protect against unauthorized disclosure of information in a particular case.")

identity." The defendant thus acted properly in not granting the plaintiffs' request.[4]

Since the plaintiffs must follow the procedures set forth in the regulations, *see Powell v. Kopman,* 511 F.Supp. 700, 703 (S.D.N.Y.1981); *Reith v. Internal Revenue Service,* Stand.Fed.Tax.Rep. (CCH) (¶ 9705 at p. 85,321) (N.D.Ind.1980); *White v. Loury,* Stand.Fed.Tax.Rep. (CCH) (¶ 9512 at p. 84,606) (N.D.Ohio 1978), and have not done so, they have failed to make a proper request under the FOIA.[5] As a consequence, they have failed to exhaust their administrative remedies and the FOIA claim must be dismissed. *See id.* at p. 84,608 (claim must be dismissed since plaintiff did not properly identify himself in accordance with the FOIA and the IRS regulations).

2. *Privacy Act Claim*

In concert with their FOIA request, the plaintiffs also invoke the Privacy Act, 5 U.S.C. § 552a, as grounds for relief. The pleadings are unclear as to the nature of the plaintiffs' claim. Yet construing the *pro se* claim liberally, it is possible to infer that the plaintiffs were seeking to determine to what agency, if any, the IRS had released any information regarding the plaintiffs.[6]

 As in requests pursuant to the FOIA, requests made under the Privacy Act must comport with the IRS's procedures. Such procedures are set forth in 31

C.F.R. § 1.26(d)(1) (1982). An individual's request must, *inter alia,* clearly state that it is a "Request for accounting of disclosures" or a "Request for notification and access". It must include the individual's social security number and specify the name and location of the particular system of records sought. An individual must also provide "such identification ... as may be specified in the appropriate appendix to this subpart...." 31 C.F.R. § 1.26(d)(v) (1982). That appendix—"Appendix B"—sets forth the requirements an individual must meet to appropriately verify his identity. 31 C.F.R.App. B, § (c)(8). Those requirements are identical to those established under FOIA regulations. *Compare id. with* 26 C.F.R. § 601.702(c)(4)(ii) (1982). As with the plaintiffs' FOIA requests, their Privacy Act requests must be accompanied by either "one other identifier" or "a notarized statement swearing or affirming to such individual's identity." *See* C.F.R.App. B § (c)(8)(ii) & (iii) (1982).

The plaintiffs did not comply with this requirement. Therefore, the defendant was under no duty to grant the plaintiffs' requests.[7] The plaintiffs' Privacy Act claim must therefore be dismissed for failure to exhaust their administrative remedies.

3. *First & Fifth Amendments Claims*

 The plaintiffs' complaint contains no clues as to the factual bases underlying

---

**4.** Indeed, income tax returns and return information are confidential and may be disclosed by federal officers only under limited circumstances. *See* 26 U.S.C. § 6103. Improper disclosure can result in criminal and civil liability. *See* 26 U.S.C. §§ 7213, 7431.

**5.** In addition, they have not appealed the defendant's decision administratively, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii). Such an appeal of an adverse decision by the IRS is a precondition to filing suit in federal court, at least where the IRS has complied with the applicable time limit provisions. *See Reith* at p. 85,323. *See also Jenks,* 514 F.Supp. at 1386–87.

**6.** Although the plaintiffs' complaint is not so cryptic as certain others, *see, e.g., Norman v. Reagan,* 95 F.R.D. 476 (D.Or.1982), it nevertheless is impossible to determine on what factual basis they are making their Privacy Act claim.

However, in their Memorandum in Opposition to Defendant's Motion to Dismiss they state: "Under the Privacy Act of 1974, 5 U.S.C. Sec 552(a) [sic] what agency they may have released any information from the files they keep on the Plaintiffs...." This apparently is meant to suggest that they seek to know whether the IRS has released any information contained in IRS files to other agencies.

**7.** The IRS must act upon valid Privacy Act requests within thirty days of their receipt. 31 C.F.R. § 1.26(g) (1982). Since the requests were not in proper form, they were not technically "received". As subsection 1.26(f) provides, a request is deemed "received" only as of the date that all requirements listed in subsection 1.26(d) have been satisfied. The plaintiffs' failure to furnish adequate verification of their identity resulted in their noncompliance with subsection 1.26(d).

their First and Fifth Amendments claims. Their memorandum in opposition to the defendant's motion to dismiss contains several vague references to the Amendments. It appears that their First Amendment claim rests on the contention that under the Amendment they are entitled to seek redress of grievances; and that the defendant must provide them with such redress. Their Fifth Amendment claim appears to be that by not turning over the files they have requested, the defendant has deprived them "of Life, Liberty, or Property without due process of law." The Court has already determined that the plaintiffs have failed to exhaust their administrative remedies. Even if plaintiffs were to prove the facts averred, it does not appear that they give rise to a violation of constitutional rights. The claims must be dismissed for failure to state a claim upon which relief can be given. *See Reith*, at p. 85,323 (dismissing First and Fifth Amendment claims on similar grounds). *See also Bennett v. Berg*, 685 F.2d 1053, 1056–58 & n. 4 (8th Cir.1982).

**4.** *Section 1361 Claim*

 Construing their complaint liberally, it could be inferred that plaintiffs attempt to raise a claim under 28 U.S.C. § 1361. That statute is a jurisdictional statute that vests the district courts with jurisdiction to compel an officer or employee of the United States to perform a duty owed to an individual. The statute does not, however, create special liability or an independent cause of action. *Carter v. Seamans*, 411 F.2d 767 (5th Cir.1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970); *White v. Administrator of General Services Administration*, 343 F.2d 444, 447 (9th Cir.1965). Furthermore, an individual must exhaust his administrative remedies before invoking section 1361. *Beale v. Blount*, 461 F.2d 1133, 1137 (5th Cir.1972). As noted above, the plaintiffs have not exhausted their administrative remedies and therefore the claim must be dismissed.

CONCLUSION

It is therefore Ordered that the defendant's motion be, and it is hereby, granted, and that the complaint be dismissed without prejudice.