**Joseph E. DYRDA, Jr., Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

CV. 85–0–41.

United States District Court, D. Nebraska.

Oct. 28, 1985.

**3**

Joseph E. Dryda, Jr., pro se.

Paul W. Madgett, Asst. U.S. Atty., Will E. McLeod, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BEAM, District Judge.

This matter is before the Court on defendant's motion for summary judgment (Filing No. 28).

Plaintiff filed this action pursuant to the Privacy Act, 5 U.S.C. § 552a, seeking a court order compelling the Internal Revenue Service to expunge all references to him as a "tax protester" from its records. For the reasons stated below, the Court sustains defendant's motion for summary judgment and dismisses this action for lack

of jurisdiction over the subject matter of the complaint, pursuant to Fed.R.Civ.P. 12(b)(1).

Also pending are several motions filed by plaintiff (Filing No. 30). The Court is obligated to give initial consideration to the jurisdictional questions since dismissal for lack of subject matter jurisdiction renders all other matters moot. *Ostroff v. State of Fla., Dept. of Health,* 554 F.Supp. 347, 350 (1983).

In determining whether it has subject matter jurisdiction, the Court must read plaintiff's pro se allegations in a liberal fashion, holding the complaint to less stringent standards than formal pleadings drafted by lawyers. *Ostroff,* supra, at 351. See, *Schooley v. Kennedy,* 712 F.2d 372, 373 (8th Cir.1983).

■ Plaintiff first asserts in his complaint that this Court has jurisdiction under the Privacy Act, 5 U.S.C. § 552a. Jurisdiction in the district courts over claims which allege violation of the Privacy Act is granted in 5 U.S.C. § 552a(g). However, that provision is made inapplicable in this situation by operation of 26 U.S.C. § 7852(e), which provides as follows:

**(e) Privacy Act of 1974.**—The provisions of subsections (d)(2), (3), and (4), and (g) of section 552a of title 5, United States Code, shall not be applied, directly or indirectly, to the determination of the existence or possible existence of liability (or the amount thereof) of any person for any tax, penalty, interest, fine, forfeiture, or other imposition or offense to which the provisions of this title apply.

The Court thus finds that Congress has specifically removed jurisdiction of the district courts to order the deletion of information from IRS records. 26 U.S.C. § 7852(e); *Green v. Internal Revenue Service,* 556 F.Supp. 79 (N.D.Ind.1982), aff'd, 734 F.2d 18 (7th Cir.1984); *Love v. Internal Revenue Service,* 80–2 U.S.Tax Cas. (CCH) ¶ 9520, 46 A.F.T.R.2d 80–5034 (N.D. Ga.1980).

■ Plaintiff also claims jurisdiction based upon 28 U.S.C. § 1361. That statute

is a jurisdictional statute which vests the district court with jurisdiction to compel an officer or employee of the United States to perform a duty by way of a writ of mandamus. A writ of mandamus is a drastic remedy to be invoked only in the most drastic circumstances. *Sperry Rand v. Larson,* 554 F.2d 868, 872 (8th Cir.1977). Plaintiff has advanced no claim which merits this extraordinary remedy. Moreover, the statute does not create special liability or an independent cause of action. *Lilienthal v. Parks,* 574 F.Supp. 14, 19 (E.D.Ark. 1983).

█ Plaintiff also asserts jurisdiction based upon the First and Fifth amendments to the Constitution. It appears that his claims rest upon the contention that under the First Amendment and Fifth Amendment he is entitled to seek redress of grievances. The plaintiff's complaint contains no factual basis for the constitutional claims. Plaintiff's averments, taken as true, do not give rise to a violation of constitutional rights. See, *Lilienthal v. Parks,* 574 F.Supp. at 19.

Accordingly, a separate order will be entered this date granting defendant's motion for summary judgment and dismissing plaintiff's complaint for lack of subject matter jurisdiction.