Raymond COLLINS, Petitioner,

v.

Warden Garry HENMAN, Respondent.

Civ. No. 87–3610.

United States District Court,
S.D. Illinois.

Nov. 5, 1987.

Raymond Collins, pro se.

MEMORANDUM AND ORDER

STIEHL, District Judge:

This cause is before the Court on petitioner's Motion to proceed in forma pauperis. Petitioner is incarcerated at the United States Penitentiary in Marion, Illinois, pursuant to a judgment of conviction of a Wisconsin state court. Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 as a collateral attack on the validity of that conviction.

Petitioner was sentenced to two life sentences plus 175 years for murder, armed robbery, and attempted murder by Judge Robert W. Landry of Circuit Court Branch 6 in Milwaukee upon his conviction after a jury trial. The petition is rather oblique, but seems to contain the following claims:

1. Petitioner is not Raymond Collins but the "Prophet Muhammed," and he was convicted under the wrong name.

2. Petitioner is not the same person who was convicted by the jury, but Judge Landry mistakenly sent petitioner to jail.

3. Petitioner's case was fixed because he is a Muslim and all of the jurors who convicted him were Christians.

4. Islamic law, not the laws of the "Masonic Regime" that holds petitioner hostage, should have governed his trial.

5. As a member of the Nation of Islam, petitioner should have received the benefit of Saudi Arabia's foreign state immunity, *see* 28 U.S.C. § 1602 *et seq.*, and the trial court was without jurisdiction to try him.

6. Petitioner was "denied the right to legal counsel and due process of law, due to the conviction and trip to prison."

For his relief, petitioner asks this court to dismiss his conviction, order his release from custody, recognize that he is the au-

thority of Islamic law and order payment of "liabilities" to him. Petitioner informs us that "all this Court must do as a duty is look into this case and Islam will provide evidence."

Petitioner pleads further that he did not raise these issues on direct appeal. His request to file a late appeal was denied. He "wrote a habeas corpus" on the issue of identity to an unspecified state court, but received no response.

■ Pursuant to 28 U.S.C. § 1915(a), a federal court may permit an indigent party to proceed in a civil action without prepayment of costs. The Court finds that plaintiff is indigent. 'The court may, however, dismiss an action brought in forma pauperis if the action is clearly frivolous or malicious. *Wartman v. Milwaukee County Court*, 510 F.2d 130, 134 (7th Cir.1975). An action is frivolous and without merit if petitioner cannot make a rational argument on the law or facts to support his claim. *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir.1983). In the present case, the court finds no argument on the law or facts which can be made to support a claim in federal court of a violation of petitioner's rights.

■ Central to petitioner's claims is his statement that he is the prophet Muhammed, the authority of Islam in the East and West and presumably the same prophet Muhammed who died in the year 632. It might appear that this action is frivolous and subject to *sua sponte* dismissal for that reason alone, *see United States ex rel. Mayo v. Satan and his Staff*, 54 F.R.D. 282 (W.D.Pa.1971); but it is not the place of a federal court to decide which is the true faith or who is a true prophet. *United States v. Ballard*, 322 U.S. 78, 86–88, 64 S.Ct. 882, 886–87, 88 L.Ed. 1148 (1944). ("District Court ruled properly when it withheld from the jury all questions concerning the truth or falsity of the religious beliefs or doctrines of respondents." *Id.* at 88, 64 S.Ct. at 887). We will, therefore, accept plaintiff's claims in good faith in making our threshold determination. *Peek v. Ciccone*, 288 F.Supp. 329, 334 (W.D.Mo. 1968). (Federal prisoner claiming to be the reincarnation of Jesus had a constitutional right to write to the Pope to share his good news; court accepted plaintiff's beliefs as held in earnest.)

The petition must nonetheless be dismissed as frivolous. A prisoner serving a sentence pursuant to the judgement of a state court must exhaust his effective state judicial remedies before applying for federal habeas corpus. 28 U.S.C. § 2254(b), (c). Petitioner's religious beliefs do not in any way alter his legal rights or responsibilities before any court in this nation, *Africa v. Anderson*, 510 F.Supp. 28 (E.D.Pa.1981), and he, too, must satisfy the exhaustion requirement. Neither petitioner's request to file a late appeal (which was denied) nor his habeas corpus application (which was ignored) exhausted the requirement; neither of those actions amount to an adjudication of petitioner's claims on the merits by Wisconsin's courts. Petitioner has an adequate remedy in the form of a post-conviction motion, to be filed in the court that convicted him. Wis.Stat. § 974.06. We note that § 974.06(8) makes habeas corpus unavailable in Wisconsin if the post-conviction remedy may be sought.

Accordingly, the petition is frivolous within the meaning of 28 U.S.C. § 1915(d). Leave to proceed in forma pauperis is therefore DENIED, and this action is DISMISSED without prejudice to petitioner's refiling after he has exhausted his state judicial remedies.

IT IS SO ORDERED.