861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny BROWN, Defendant-Appellant.
 No. 88-7648.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1988.
Decided Oct. 3, 1988.
 
 Danny Brown, appellant pro se.
 Joseph Francis Savage, Jr., Office of the Attorney General, for appellee.
 Before DONALD RUSSELL, WIDENER, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Danny Brown, a federal inmate currently incarcerated in Kentucky, appeals from orders of the district court denying his motions to correct his sentence under Fed.R.Crim.P. 35(a), and to obtain copies of his sentencing transcript and presentence investigation report at government expense. We affirm.
 
 
 2
 Brown was convicted, pursuant to a plea agreement, in a West Virginia district court in 1986 on one count of possession of marijuana with intent to distribute (21 U.S.C. Sec. 841(a)(1)), and two counts of use of a telephone in the commission of a felony (21 U.S.C. Sec. 843(b)). He was sentenced to five years in prison with a special parole term of two years, a fine of $5,000, and a special assessment of $50 on the marijuana conviction, and to four years in prison and a special assessment of $50 for each of the illegal telephone-use charges. The sentences were ordered to run concurrently. Brown was also required to repay the government for expenses incurred in representing him. Pursuant to the plea agreement, remaining charges against Brown, which included one count of conspiracy to distribute marijuana and cocaine (21 U.S.C. Sec. 846) and four counts of possession of cocaine with intent to distribute (21 U.S.C. Sec. 841(a)(1)), were dropped.
 
 
 3
 In Brown's Rule 35 motion, he asserted that the sentencing court was without authority to impose a two-year special parole term on his marijuana conviction. The district court properly denied the motion. Section 841(b)(1)(C) of Title 21 of the United States Code, as it was in effect on the date of Brown's offense (April 4, 1986) and the date he was sentenced (September 29, 1986), provided for a mandatory minimum special parole term of two years for his offense.
 
 
 4
 The district court also properly denied Brown's request for production of his sentencing transcript at government expense. Brown failed to demonstrate the requisite particularized need for the transcript. See Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152-53 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973). Brown's allegation that at his sentencing hearing, his attorney disavowed any involvement on Brown's behalf in the cocaine charges (which were ultimately dropped) did not satisfy the particularized need standard of Jones.
 
 
 5
 Finally, although the district court erred when it concluded that Brown's presentence investigation report was unavailable under the Freedom of Information Act, 5 U.S.C. Sec. 552, see United States Dep't of Justice v. Julian, 56 U.S.L.W. 4403 (U.S. May 16, 1988) (No. 86-1357), the error does not require remand because Brown failed to demonstrate that he exhausted administrative remedies by first requesting a copy of the document from the United States Parole Commission. See Hedley v. United States, 594 F.2d 1043 (5th Cir.1979).
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid our resolution of the issues. Brown's motion for appointment of counsel on appeal is denied.
 
 
 7
 AFFIRMED.