[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13211
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-01235-HES-JRK

JACK ANTHONY JORY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Jack Jory appeals pro se the district court's dismissal of his action arising

from the U.S. Coast Guard's revocation of his merchant mariner credentials

("MMC"). On appeal, Jory argues that the district court erred in dismissing his complaint for lack of subject-matter jurisdiction. After careful review, we affirm.

We review dismissals for lack of subject-matter jurisdiction de novo. Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Eng'rs, 619 F.3d 1289, 1296 (11th Cir. 2010). A court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed.R.Civ.P. 12(h)(3). Federal courts are courts of limited jurisdiction, and the party invoking the court's jurisdiction must prove, by a preponderance of the evidence, facts supporting the existence of jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).

Under the U.S. Code, the appeal of a decision of the Coast Guard Commandant lies with the NTSB:

> The [NTSB] shall review on appeal . . . a decision of the head of the department in which the Coast Guard is operating on an appeal from the decision of an administrative law judge denying, revoking, or suspending a license, certificate, document, or register in a proceeding under . . . chapter 77 of title 46.

49 U.S.C. § 1133; see also 46 C.F.R. § 401.650(e); 49 C.F.R. § 825.5(a). In turn, the U.S. courts of appeals hear the appeals of final orders of the NTSB:

> [t]he appropriate court of appeals of the United States or the United States Court of Appeals for the District of Columbia Circuit may review a final order of the [NTSB] under this chapter. A person disclosing a substantial interest in the order may apply for review by filing a petition not later than 60 days after the order of the [NTSB] is issued.

49 U.S.C. § 1153(a).  Where Congress has provided administrative and judicial review procedures designed to permit agency expertise to be brought to bear upon particular problems, those procedures are exclusive even if Congress did not expressly provide for their exclusiveness.  United States v. Southern Ry. Co., 364 F.2d 86, 91 (5th Cir. 1966).[1]  Thus, as the Fifth Circuit has recognized, the Coast Guard and NTSB statutory and regulatory schemes allow for judicial review of revocations only in a court of appeals, and only after an appeal to the NTSB.  Dresser v. Meba Med. & Benefits Plan, 628 F.3d 705, 708-09 (5th Cir. 2010) (persuasive authority).

Here, the district court properly dismissed Jory's complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), because Congress provided administrative and judicial review procedures to appeal the Coast Guard's MMC revocations, which do not include review in a U.S. district court.  49 U.S.C. §§ 1133, 1153(a).  Jory attempts to circumvent these procedures by raising various statutes and arguments, but they all fail.

For starters, Jory claims that the district court had jurisdiction under 28 U.S.C. § 1333 because this was an admiralty case, and under 28 U.S.C. § 1346 because this was a civil action founded upon an act of Congress or a regulation of an executive department.  However, 46 U.S.C. § 7702 specifically provides the

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

administrative procedure for the suspension and revocation of merchant seamen licenses, certificates, and documents, and as the statutes make clear, these types of decisions are subject to judicial review in a U.S. court of appeals and not a district court.  49 U.S.C. §§ 1133, 1153(a).  His next claim -- that the district court had jurisdiction under the Administrative Procedures Act ("APA") because a person wronged by an agency action is entitled to judicial review -- also fails.  The APA delineates that where the form of proceeding for judicial review is provided for by "the special statutory review proceeding relevant to the subject matter" -- as it is provided for here -- the APA does not provide any alternative forms of review. 5 U.S.C. § 703.  Thus, once again, review must be sought in the appropriate U.S. court of appeals, and not in the district court.

Jory also claims that his case never should have been heard by the Coast Guard since only district courts have jurisdiction to adjudicate the crime of "assaulting a master."  But in fact, the Coast Guard revoked Jory's MMC because it found that he was "a security risk that poses a threat to the safety or security of a vessel or a public or commercial structure located within or adjacent to the marine environment," in violation of 46 U.S.C. § 7703(5), not because he assaulted a master, in violation of 46 U.S.C. § 11501(6).  Nor does the district court have jurisdiction over Jory's constitutional challenges to the statutes that were the basis for the Coast Guard's revocation of his MMC.  Indeed, as we've said, once the

4

NTSB issued its order dismissing Jory's appeal, the only court that could review that order was the court of appeals. Green v. Brantley, 981 F.2d 514, 521 (11th Cir. 1993) (holding that the merits of a pilot-examiner's constitutional claims were inescapably intertwined with the review of the procedures and merits surrounding a Federal Aviation Administration order, so the district court lacked subject matter jurisdiction since Congress provided an exclusive forum for the correction of procedural and substantive administrative errors in the courts of appeals).

Finally, even assuming Jory's assertion that he never appealed the Commandant's decision to the NTSB is correct, the district court would still lack subject-matter jurisdiction because exhaustion of administrative remedies is a general prerequisite to judicial review of any administrative action. See, e.g., Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979) (concluding that exhaustion of administrative remedies was implicitly required by the Freedom of Information Act before a claimant could request judicial relief). In the case of the Coast Guard's MMC revocation, Jory could not have exhausted his remedies because without an NTSB final order, he would not have been able to seek judicial review. Id.

For these reasons, the district court plainly was without jurisdiction to decide Jory's claim and did not err in granting the government's motion to dismiss. Because the district court lacked subject-matter jurisdiction over the case, it is not

necessary for us to consider any other issues Jory raised in his appeal.  Ingram Contractors, Inc. v. United States, 592 F.2d 832, 834 (5th Cir. 1979).  Furthermore, issues that are not raised in a party's initial brief are considered to be abandoned, so we need not consider the issues raised for the first time in Jory's reply brief. Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995).

**AFFIRMED.**