**TELEVISION WISCONSIN,
INC., Plaintiff,**

v.

**The NATIONAL LABOR RELATIONS
BOARD et al., Defendants.**

No. 73–C–336.

United States District Court,
W. D. Wisconsin.

Feb. 3, 1976.

Walter L. Harvey, of DeWitt, McAndrews & Porter, S. C., Madison, Wis., for plaintiff.

Abigail Cooley, Asst. Gen. Counsel, Special Litigation, N. L. R. B., Washington, D. C., for defendants.

## OPINION AND ORDER

DOYLE, District Judge.

This is a civil action for injunctive and declaratory relief against further proceedings before the National Labor Relations Board (NLRB) in which plaintiff is charged with unfair labor practices. The complaint also seeks an order compelling disclosure of agency records under the Freedom of Information Act, 5 U.S.C. § 552, as amended, Pub.L.No.93–502 (1974). Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction insofar as it seeks an injunction against the NLRB proceeding and for failure to state a claim upon which relief can be granted insofar as it seeks disclosure of agency records.

The essence of the complaint is contained in paragraph 12: "[The trial of plaintiff before the NLRB on unfair labor practices charge] violates the Federal constitutional rights of plaintiff to equal protection and due process of law under the 5th Amendment, in that defendants have arbitrarily and capriciously refused plaintiff a fair and impartial trial. . . ." Paragraph 12 goes on to list several specific ways in which defendants allegedly refused plaintiff a fair and impartial trial.

*Subject Matter Jurisdiction*

Plaintiff concedes that the general rule is that review of NLRB unfair labor practices proceedings is to be had exclusively in the appropriate Court of Appeals under 29 U.S.C. §§ 160(e), (f) (1970). However, plaintiff seeks to bring this action within a narrow exception created for those instances where the particular infringement of a party's rights cannot be corrected on review in the Court of Appeals. *See Fay v. Douds,* 172 F.2d 720, 723 (2d Cir. 1949). Error in NLRB proceedings, even error of constitutional dimensions, which harms a party by causing an erroneous finding that the party is guilty of unfair labor practices is not within this exception even though the party may incur needless litigation expenses in the administrative process and on review. *Chicago Auto. Trade Ass'n v. Madden,* 328 F.2d 766, 769 (7th Cir.), *cert. denied,* 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964); *Vapor Blast Mfg. Co. v. Madden,* 280 F.2d 205, 209 (7th Cir. 1960); *see Leedom v. Kyne,* 358 U.S. 184, 190, 79 S.Ct. 180, 184–85, 3 L.Ed.2d 210, 215 (1958). Since the plaintiff has alleged only that it will not receive a fair and impartial trial and not that it will suffer harm extrinsic to the NLRB proceeding and the normal incidents of such proceedings as a result of the alleged irregularities in the unfair labor practices proceeding, it has failed to allege the "extenuating circumstances" necessary to confer jurisdiction on this court to interfere with that proceeding.

*Freedom of Information Act*

Plaintiff seeks two types of relief from defendants' allegedly improper failure to comply with a request for agency records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1970), *as amended,* Pub.L.No.93–502 (1974). First, plaintiff seeks the compulsory disclosure of the requested records, which is the usual relief afforded successful FOIA claimants. Second, plaintiff asks the court to enjoin further prosecution

of the unfair labor practices charges pending resolution of its FOIA claim, apparently so that disclosure may be ordered while the records are still useful to it in defending against those charges.

 5 U.S.C. § 552(a)(3), *as amended,* Pub.L.No.93–502 (1974) states: "[E]ach agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed, shall make the records promptly available to any person." § 552(a)(6)(C) provides that administrative remedies with respect to any request for records shall be deemed exhausted when the time limits for compliance with a request established by § 552(a)(6)(A) have lapsed. The judicial review provision, § 552(a)(4)(B) calls for *de novo* review of a refusal to disclose records and casts upon the agency the burden of sustaining its claims to exemption. Reading these provisions collectively, I conclude that a plaintiff has stated a claim under the FOIA when it alleges (1) a request for records which complies with § 552(a)(3), (2) failure of the agency to comply with the request, and (3) exhaustion of administrative remedies. A plaintiff is not required to allege that the records are not within the exemptions set forth in § 552(b); the statute places the burden of establishing such exemptions on the agency.

 Plaintiff has failed to state a claim under the FOIA because it has not alleged a request for information which complies with § 552(a)(3). That section requires the request to conform to agency procedures. 29 C.F.R. § 102.117(c) (1974) requires FOIA requests to be "made to the [National Labor Relations] Board through its executive secretary, or to the general counsel, as may be appropriate. . . ." Paragraph 13 of the complaint alleges: "By defendants' refusal to make available to plaintiff the information and documents referred to in paragraph 12 above . . . plaintiff has been and is being deprived of valuable rights afforded by . . . the Freedom of Information Act, *supra.*" Paragraph 12 alleges that defendants refused to obey certain subpoenas duces tecum "served on defendants Squillacote, Szabo, Jacobs, and Rock. . . ." Since, according to paragraphs 7, 8, 9, and 10, none of these individuals is either the executive secretary or the general counsel of the NLRB, the alleged request for information did not comply with 29 C.F.R. § 102.117(c) and therefore was insufficient under § 552(a)(3). Since the complaint fails to state a claim for relief under the FOIA, I need not consider whether jurisdiction to enjoin the unfair labor practices proceeding could be founded on that statute.

The FOIA has undergone extensive amendment during the pendency of this lawsuit. Pub.L.No.93–502 (1974). Although I have cited to the statute as amended, the prior version, like the present version, required requests for agency records to conform to agency regulations. 5 U.S.C. § 552(a)(3) (1970). Therefore, it has not been necessary to decide which of the versions controls this case, for the complaint is fatally defective under either.

### Order

It is ordered that defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is granted.