**SATRA BELARUS, INC., Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, and George Squillacote, Regional Director, Region 30, National Labor Relations Board, For and on Behalf of the National Labor Relations Board, Defendants.**

**No. 76–C–94.**

United States District Court,
E. D. Wisconsin.

Feb. 18, 1976.

Charne, Glassner, Tehan, Clancy & Taitelman by Robert B. Corris, Milwaukee, Wis., for plaintiff.

Mark Burstein and Joseph A. Szabo, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before the court on the plaintiff's motion for a temporary restraining order. The action is brought pursuant to 5 U.S.C. § 552(a)(4)(B) of the Freedom of Information Act [FOIA]. The plaintiff seeks a mandatory injunction compelling disclosure of certain statements in the possession of the N.L.R.B., prior to a hearing on a labor board complaint which charges the plaintiff with an unfair labor practice.

In my judgment, the plaintiff has failed to allege circumstances which confer jurisdiction to enjoin a pending labor

board proceeding; in addition, the plaintiff has not yet exhausted its administrative remedies and has thus failed to state a claim upon which relief can be granted under the judicial review provisions of the FOIA. Therefore, I conclude that the plaintiff's motion for a temporary restraining order should be denied and that the defendants' request that the action be dismissed should be granted.

The relevant facts are undisputed for purposes of the instant motion and appear from the complaint as follows: On November 3, 1975, the defendants issued a complaint against the plaintiff charging it with engaging in unfair labor practices. The hearing on these charges is currently set for tomorrow, February 19, 1976, at 10:00 A.M.

On January 13, 1976, the plaintiff made its request to the defendants pursuant to the FOIA for all written statements, signed or unsigned. The defendants denied this request two days later. On January 27, 1976, the plaintiff appealed the denial to the general counsel of the N.L.R.B. No decision on the appeal has as yet issued. On February 12, 1976, the plaintiff commenced the instant action.

The relief sought by the plaintiff is two-pronged. Ultimately, the plaintiff seeks a mandatory injunction requiring the defendant to disclose the desired statements. In order to protect the usefulness of these statements in connection with the N.L.R.B. proceedings, the plaintiff seeks to have those proceedings stayed until the defendants turn over the materials in question or until there is a determination on the merits of the FOIA claim.

Both parties have supplied the court with authorities, directly on point, which support their respective positions. I find a ruling by Judge Doyle of the western district of Wisconsin to be particularly close on the facts to the instant case and to be persuasively reasoned.

■ In addressing the issue whether the court has jurisdiction to enjoin N.L. R.B. proceedings in a setting identical to the case at bar, Judge Doyle said at page 1000 of his opinion in *Television Wisconsin, Inc. v. NLRB,* civil no. 73–C–336, 410 F.Supp. 999 (W.D.Wis., decided February 3, 1976):

"Plaintiff concedes that the general rule is that review of NLRB unfair labor practices proceedings is to be had exclusively in the appropriate Court of Appeals under 29 U.S.C. §§ 160(e), (f) (1970). However, plaintiff seeks to bring this action within a narrow exception created for those instances where the particular infringement of a party's rights cannot be corrected on review in the Court of Appeals. See *Fay v. Douds,* 172 F.2d 720, 723 (2d Cir. 1949). Error in NLRB proceedings, even error of constitutional dimensions, which harms a party by causing an erroneous finding that the party is guilty of unfair labor practices is not within this exception even though the party may incur needless litigation expenses in the administrative process and on review. *Chicago Auto. Trade Ass'n v. Madden,* 328 F.2d 766, 769 (7th Cir.), *cert. denied,* 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964); *Vapor Blast Mfg. Co. v. Madden,* 280 F.2d 205, 209 (7th Cir. 1960); *see Leedom v. Kyne,* 358 U.S. 184, 190, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). Since the plaintiff has alleged only that it will not receive a fair and impartial trial and not that it will suffer harm extrinsic to the NLRB proceeding and the normal ·incidents of such proceedings as a result of the alleged irregularities in the unfair labor practices proceeding, it has failed to allege the 'extenuating circumstances' necessary to confer jurisdiction on this court to interfere with that proceeding."

■ Later, at page 1001 of the opinion in *Television Wisconsin, Inc., supra,* the court notes that a claim under the FOIA must contain allegations of exhaustion of administrative remedies. This requirement was also reflected in other unreported authority supplied by the defend-

ant. Adequate allegations of exhaustion are lacking in the case at bar.

■ Both the FOIA at 5 U.S.C. § 552(a)(6)(A), and the N.L.R.B. regulations at 29 C.F.R. § 102.117(c)(2), provide an orderly and swift agency procedure for review of FOIA requests. The plaintiff concedes that its appeal pursuant to the above provisions to the N.L.R.B. general counsel's office was not submitted until January 27, 1976. The relevant sections allow 20 working days for an agency decision. This time will not expire until February 24, 1976, at the earliest. It is evident that administrative remedies have not been exhausted, thus making judicial review at this time premature.

The plaintiff has failed to allege the requisite elements which could support either prong of the relief sought by this action. Neither a stay of labor board proceedings nor a mandatory injunction for disclosure of information is legally supportable by the facts stated in the complaint.

Therefore, IT IS ORDERED that the plaintiff's motion for a temporary restraining order be and hereby is denied.

IT IS ALSO ORDERED that treating the defendants' request that this action be dismissed as a motion to dismiss, such motion be and hereby is granted.