Michael Alan CROOKER, Plaintiff,

v.

UNITED STATES SECRET SERVICE, Defendant.

Civ. A. No. 83–2101.

United States District Court, District of Columbia.

Oct. 28, 1983.

Michael Alan Crooker, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This Freedom of Information Act ("FOIA") action is before the Court on defendant's motion to dismiss or in the alternative, for summary judgment and plaintiff's opposition thereto. For the reasons stated below, the Court grants defendant's motion to dismiss.

On March 19, 1983, plaintiff Michael Alan Crooker made a FOIA request for all documents, photos, files or records that were maintained under his name by defendant, United States Secret Service ("Secret Service" or "agency"). This request was received by the Secret Service on March 23, 1983. By letter dated March 23, defendant requested a notarized statement attesting to his identity. On April 1, 1983, defendant received a letter dated March 26 from plaintiff in which he provided his "notarized signature."

On April 7, 1983, defendant responded to plaintiff's request and informed him by letter that he had not paid for records sent to him by the agency pursuant to an earlier request made in October 1977. The letter also noted that plaintiff's latest request would be honored only when he provided payment of $3.60 from his earlier request. The Court recognizes that plaintiff has had difficulty with his mail and as of the date of filing his complaint, July 21, 1983, plaintiff had not received defendant's April 17th letter. Plaintiff is, however, now in possession of the letter.

On July 21, 1983, plaintiff filed his complaint against the Secret Service and claimed that defendant failed to respond to plaintiff's request within 10 business days of receipt of plaintiff's request and because of that, plaintiff has exhausted all administrative remedies and wishes to inspect and copy all requested documents. Defendant has filed a motion to dismiss or in the alternative, for summary judgment on the grounds that the Court lacks subject matter jurisdiction over this action because plaintiff has failed to follow proper administrative procedures and failed to exhaust all available administrative procedures.

■ In order for a plaintiff to bring a FOIA action against an agency in federal court, he must first exhaust all administrative remedies. *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979); *see also Morpurgo v. Board of Higher Education of City of New York,* 423 F.Supp. 704, 714 n. 26 (S.D.N.Y.1976) ("the act requires complainants to exhaust their administrative remedies before bringing suit, 5 U.S.C.A. § 552a(d), and failure to do so will result in dismissal"); *Satra Belarus, Inc. v. N.L.R.B.,* 409 F.Supp. 271, 272–73 (E.D.Wis. 1976) (administrative remedies that have not been exhausted make judicial review of FOIA matters premature). Additionally, it should be noted that:

> [a]lthough exhaustion is rarely an issue in FOIA cases, FOIA plaintiffs are required to exhaust administrative remedies as a condition precedent to filing suit and if the plaintiff has not pled exhaustion of administrative remedies he probably has not stated a claim upon which relief can be granted. *See Hedley v. U.S.,* 594 F.2d 1043, 1044 (5th Cir.1979) (per curiam).

Halperin, M.H., Adler, A., *1982 Edition of Litigation Under the Federal Freedom of Information Act and Privacy Act* (7th ed.).

■ Under 5 U.S.C. § 552(a)(6)(C), a FOIA requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit

provisions" of section 552(a)(6)(A), requiring 10 working days to make initial determination whether to comply. Here, defendants did comply with the necessary time requirements. Upon receipt of plaintiff's initial request, defendant responded that same day, requesting a notarized statement. When plaintiff responded to defendant's request for the statement, defendant considered the FOIA request and responded within 7 days. There has been no exhaustion of administrative remedies. Plaintiff has failed to respond to or appeal defendant's request for payment and the matter remains at a stalemate at the administrative level. If plaintiff had wished to appeal the agency decision concerning its demand for payment for earlier FOIA request, that avenue was open to him. *See* 31 C.F.R. § 1.5(h) (route for administrative appeal for adverse agency decisions).

Because plaintiff has failed to exhaust the available administrative remedies, he is barred from bringing this action until that has been completed. The Court has no subject matter jurisdiction over this case and so it must, therefore, be dismissed.