**James A. KAY, Jr., Plaintiff,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Defendant.**

**Civ. No. 94–2381 (CRR).**

United States District Court, District of Columbia.

Jan. 11, 1995.

Dennis C. Brown of Brown & Schwaninger, Washington, DC, for plaintiff.

Thomas J. McIntyre, Senior Atty., Office of Information and Privacy, U.S. Dept. of Justice, Washington, DC, along with Eric H. Holder, Jr., U.S. Atty., and John D. Bates, Asst. U.S. Atty., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on the Defendant's Motion to Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Defendant's Motion shall be granted.

The Plaintiff filed this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1988), on November 3, 1994, seeking to compel the release of certain records maintained by the Federal Communications Commission ("FCC"). By Order dated November 7, 1994, the Court directed the Defendant, through counsel, to show cause as to whether the case should be dismissed. In response, the Defendant filed the instant Motion, asserting that the Court lacks subject matter jurisdiction because the Plaintiff failed to exhaust his administrative remedies. In opposition, the Plaintiff argues that the FCC "failed to meet the statutory requirements for a response to an [sic] FOIA request," because the FCC did not specifically advise the Plaintiff of his right to file an administrative appeal to the head of the agency. Opposition, at 5. As hereinafter provided, the Court finds no merit to the Plaintiff's argument.

It is well-settled that "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C.Cir.1990). *See also American Fed'n of Gov't Employees v. United States Dep't of Commerce*, 907 F.2d 203, 209 (D.C.Cir.1990); *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 58 (D.C.Cir.1987); *Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1476 (D.C.Cir.1986); *Crooker v. United States Secret Serv.*, 577 F.Supp. 1218, 1219 (D.D.C. 1983). Where a plaintiff fails to exhaust administrative remedies, this Court has dismissed the case for lack of subject matter jurisdiction. *Crooker*, 577 F.Supp. at 1219.

In the instant case, it is undisputed that the Plaintiff has not filed any administrative appeal of the agency response at issue.

The Plaintiff quarrels, however, with the adequacy of the FCC's compliance with the statutory provisions governing the agency's response to requests for records. Under the FOIA, each agency must respond to such requests within a specified time period and, of particular relevance here, must "notify the person making such request . . . of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). *See also Oglesby*, 920 F.2d at 65 (citing the same).

Here, the Plaintiff filed two FOIA requests dated September 9, 1994, and the FCC filed a consolidated response dated October 11, 1994. Motion to Dismiss, Exh. A, B, E. In said response, the FCC notified the Plaintiff that he "may file an application for review of this decision with the Commission's General Counsel within 30 days pursuant to Rule 0.461(i), 47 C.F.R. § 0.461(i)." Letter from Ralph A. Haller, Chief, Private Radio Bureau to Plaintiff's counsel, Motion to Dismiss, Exh. E, at 3. The Plaintiff argues that this notice was inadequate to require an administrative appeal under the statute because "the Commission's General Counsel is not the head of the FCC."[1] Opposition, at 2.

Thus, at bottom, the question before the Court is whether an agency's notice of the right to appeal an adverse determination under the FOIA must under all circumstances specifically refer to the head of the agency in order to trigger the actual exhaustion requirement as a predicate to suit in federal court. The Court finds that no such rule may be imposed under the FOIA.

The Court of Appeals for this Circuit has advised that "courts usually look at the purposes of exhaustion and the particular administrative scheme in deciding whether they will hear a case or return it to the agency for further processing." *Oglesby*, 920 F.2d at 61. In *Oglesby*, the Court applied this principle to find that an actual administrative appeal is mandatory notwithstanding an agency's failure to respond to a request within the statutory time period, if the agency manages to respond before suit is filed in federal court. *Id.* at 63. In reaching this conclusion, the Court observed that "[w]e doubt that, having provided for an administrative appeal process with a short deadline, Congress could have intended that this process could be superseded by judicial review solely because the initial agency response to the FOIA request was delinquent." *Id.* at 64 n. 8.

The Court finds similar reasoning applicable here. The FCC's October 11, 1994 letter specified that the Plaintiff could file an application for review with the FCC's General Counsel, and further expressly identified the regulation governing submission of such applications, 47 C.F.R. § 0.461(i). Under that provision, while the General Counsel exercises certain advisory and administrative functions with respect to the review process, including acting as recipient of the agency's FOIA administrative appeals, the substantive decision remains in the hands of the Commission.[2] As in *Oglesby*, this Court cannot find that Congress could have intended that if an agency fails to use the magic words "head of the agency" in its notice of the right to appeal an adverse decision, it would no long-

---

1. The Plaintiff does not challenge the timeliness of the FCC's response to the Plaintiff's request for documents. Under the statute, the requester is "deemed to have exhausted his [or her] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions. . . ." 5 U.S.C. § 552(a)(6)(C).

2. The regulation makes clear that the "Commission will make every effort to act on an application for review of an action on a request for inspection of records within 20 working days after it is filed." 47 C.F.R. § 0.461(k). Further, it specifies that "[i]f a request is denied by the Commission, notice of denial will set forth the names of the Commissioners participating in the decision." 47 C.F.R. § 0.461(m). In addition, subsection 0.461(i) concludes by referring to 47 C.F.R. § 1.115 for a discussion of general procedures regarding applications for review. That provision specifies that "[a]ny person aggrieved by any action taken pursuant to delegated authority may file an application requesting review of that action by the Commission." 47 C.F.R. § 1.115. Thus, there is little question that, under the relevant regulations set forth in the FCC's response letter, the Commission itself exercises the ultimate decisionmaking authority on administrative appeal.

er be allowed "to complete its disclosure process before courts step in." *Oglesby*, 920 F.2d at 65. Indeed, "[a]llowing a FOIA requester to proceed to court to challenge an agency's initial response [under these circumstances] would cut off the agency's power to correct or rethink initial misjudgments or errors." *Id.* at 64.

In addition, the Court finds the notice provided by the FCC in the instant case wholly satisfactory under the statute. *Cf. Id.* at 67 (response letter "merely" informed requester that he could call the agency for further information). As set forth above, the response letter gave the Plaintiff notice of his right to secure further agency review of the adverse determination, of the manner in which he could exercise that right, of the time limits for filing such a request, and of the regulatory provisions containing general procedures pertaining to review applications. This information more than adequately fulfilled the purposes behind the notice provision and exhaustion requirement, as the latter was explained in *Oglesby*.

Moreover, the Plaintiff's exhaustion of administrative remedies in a prior suit against the FCC belie his claim here. *Kay v. FCC*, 867 F.Supp. 11 (D.D.C.1994). In that case, the FCC's notification letter of March 22, 1994 similarly advised that the Plaintiff "may file an application for review of this decision with the Commission's General Counsel within 30 days in accordance with Commission Rule 0.461(i), 47 C.F.R. § 0.461(i)." Letter from W. Riley Hollingsworth, Deputy Chief, Licensing Division, to Plaintiff's counsel, Defendant's Reply, Attach. 1, at 3. By letter dated April 4, 1994, the Plaintiff submitted, through the same counsel representing him in the instant action, an application for review. Defendant's Reply, Attach. 2. Moreover, the Complaint in that earlier action, filed with this Court on May 19, 1994, characterizes the April 4, 1994 letter as an "appeal." Defendant's Reply, Attach. 3, at 3. Thus, through his prior filings with this Court, the Plaintiff has demonstrated a full understanding of the FCC's appellate procedures. Under these circumstances, the Plaintiff's claim that the FCC's response letter at issue was inadequate to function as notification of his right to "appeal to the head of the agency" under 5 U.S.C. § 552(a)(6)(A) borders on the frivolous.

In sum, the Court finds that "the policies underlying the exhaustion requirement would be served by applying the principle here." *Dettmann*, 802 F.2d at 1472 n. 8. Because the Plaintiff failed to exhaust his administrative remedies, the Court lacks subject matter over the instant suit, and the case must be dismissed. The Court further finds that the FCC's response letter did "qualify as notice to [the Plaintiff] of his right to appeal the negative reference to his inquiry." *Oglesby*, 920 F.2d at 67. To hold otherwise would be "contrary to 'orderly procedure and good administration' and unfair 'to those who are engaged in the tasks of administration' to decide an issue which the [FCC] never had a fair opportunity to resolve prior to being ushered into litigation." *Dettmann*, 802 F.2d at 1476 n. 8 (quoting *United States v. Tucker Truck Lines*, 344 U.S. 33, 36–37, 73 S.Ct. 67, 68–69, 97 L.Ed. 54 (1952)).

Moreover, because the time period within which the Plaintiff might have filed his administrative appeal has long since expired, the case shall be dismissed with prejudice. *See* 47 C.F.R. § 0.461(i) ("The application shall be filed within 30 days after the date of the written ruling by the custodian of records....."). *Cf. Oglesby*, 920 F.2d at 65 (allowing appellant to pursue appeals before the administrative agencies regardless of the expiration of the agencies' appeal deadlines in view of prior uncertainty regarding the precise requirements of FOIA exhaustion where an agency responds to a request after expiration of the statutory time period but before filing suit). The Court concludes that, pursuant to the statute, its regulations, the relevant case law, and under the FCC's response letter dated October 11, 1994, the Plaintiff was placed on clear notice of the mandatory nature of an administrative appeal in FOIA cases. *See Oglesby*, 920 F.2d at 65 ("[I]n future cases foregoing an administrative appeal will preclude the requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies....").

Accordingly, it is, by the Court,

**4**

ORDERED that the Defendant's Motion to Dismiss shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED, with prejudice, from the dockets of this Court.