**Mark PUTNAM, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Defendants.**

**Civ. A. No. 93–0059 PLF.**

United States District Court, District of Columbia.

March 31, 1995.

Mark Putnam, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, DC, for defendants.

### MEMORANDUM OPINION AND JUDGMENT

FRIEDMAN, District Judge.

This matter comes before the Court on Defendants' Renewed Motion for Summary Judgment. Plaintiff is proceeding *pro se* in this Freedom of Information Act case.

By Opinion and Order dated January 31, 1995, the Court found that there were no genuine issues as to any material facts as to information and documents withheld by defendants pursuant to FOIA Exemptions 2, 6, and 7(C), (D) and (E), 5 U.S.C. §§ 552(b)(2), (6), and (7)(C), (D) and (E), and the Privacy Act, 5 U.S.C. §§ 552a(k)(2), (k)(5). Based on that finding, the Court granted defendants' motion for summary judgment in part. The Court denied summary judgment, however, with respect to those documents that defendants withheld pursuant to Exemptions 5 and 7(A). 5 U.S.C. §§ 552(b)(5) and (7)(A).

Defendants have renewed their motion for summary judgment as regards the documents withheld pursuant to Exemptions 5 and 7(A). In support of the renewed motion, Special Agent Robert A. Moran in his third declaration states that the Federal Bureau of Investigation informed plaintiff by letters dated June 6, 1994, and July 8, 1994, that the administrative inquiry pertaining to the plaintiff had been concluded and that the material withheld by the FBI pursuant to Exemption 7(A) was available for release upon receipt of $33.90 for duplication costs. Third Moran Declaration ¶¶ 4, 5, 6. Plaintiff was also advised that he owed the FBI $12.50 for previously released documents. *Id.* at ¶ 5.

Insofar as the renewed motion pertains to documents prepared by the Executive Office for United States Attorneys (EOUSA), Attorney Advisor John F. Boseker in his decla-

ration states that the EOUSA has re-reviewed the documents that it had withheld from plaintiff pursuant to Exemption 5 and determined that the documents are appropriate for discretionary release with some redactions that he maintains are appropriate under Exemption 7(C). Exemption 7(C) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The EOUSA invokes Exemption 7(C) to withhold the names of persons and personal information of FBI Special Agents, government employees, local law enforcement personnel and other third party individuals. Attorney Advisor Boseker asserts that redacted copies of the documents initially withheld by the EOUSA were released to plaintiff on February 27, 1995.

In response to defendants' motion, plaintiff claims that he never received the letters dated June 6, 1994, and July 8, 1994. He argues that it is inappropriate to grant summary judgment at this juncture because there may be issues remaining to litigate regarding excised or deleted portions of the documents that defendants now intend to release. The Court finds, however, that the FBI has met its burden under the FOIA by proving that information which "falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [the FOIA's] inspection requirements." *National Cable Television Ass'n, Inc. v. FCC,* 479 F.2d 183, 186 (D.C.Cir.1973).

■ Except for the names and personal information withheld under Exemption 7(C), plaintiff has received or, upon payment of costs for reproduction, will receive all documents still at issue after the Court's earlier Opinion. The Boseker declaration, in conjunction with the declarations previously filed in this action, is adequate to justify the EOUSA's redaction of names and identifying information from the materials for which it previously invoked Exemption 5. *See* Second Moran Declaration ¶¶ 32–44. Plaintiff has not asserted, nor does the Court find, that there is any public interest in disclosure of

**42**

the identities of individuals in the groups identified above. The identities of federal, state and local law enforcement personnel, or other individuals assisting in criminal investigations, would not shed light on the government's conduct with respect to any closed or ongoing investigation. *See Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992). The deletion of the names and other identifying data of these individuals respects their privacy interests without interfering unduly with plaintiff's access to information under the FOIA. *See U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 768, 109 S.Ct. 1468, 1479, 103 L.Ed.2d 774 (1989). The Court finds that the legitimate privacy interests of the individuals whose identities have been withheld pursuant to Exemption 7(C) outweighs the public interest in disclosure of their identities.

■ Summary judgment may be awarded based solely on the information provided in declarations such as those of Special Agent Moran and Attorney Advisor Boseker that explain how requested information has been produced or falls within a claimed exemption, so long as the affidavits or declarations are sufficiently detailed, nonconclusory and submitted in good faith. *See Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980). The Court concludes that defendants are entitled to summary judgment in this case because plaintiff has received all of the relief that he requested in his complaint; he has obtained or will obtain all the information and documents he is entitled to under the FOIA. The FBI is permitted, however, to require payment of search and copying fees, including outstanding fees, before releasing material to plaintiff. 5 U.S.C. § 552(a)(4)(A)(v); 28 C.F.R. § 16.10(a); *see Crooker v. Secret Service*, 577 F.Supp. 1218, 1219–20 (D.D.C.1983). If, upon payment of appropriate fees and receipt of the documents from the FBI, plaintiff in good faith and with a genuine basis believes that the FBI has failed to meet its obligation under the FOIA and this Court's orders, then plaintiff may seek further relief from the Court. Accordingly, it is hereby

ORDERED that Defendants' Renewed Motion For Summary Judgment is GRANTED; it is

FURTHER ORDERED that, upon receipt of payment for the costs of duplication, the FBI shall release the material it had withheld from plaintiff pursuant to FOIA Exemption 7(A); and it is

FURTHER ORDERED that this case shall be dismissed from the docket of the Court without prejudice.

SO ORDERED.