JUDICIAL WATCH, INC., Plaintiff,

v.

UNITED STATES NAVAL
OBSERVATORY,
Defendant.

CIV. A. No. 01–1293(ESH).

United States District Court,
District of Columbia.

Sept. 4, 2001.

Larru Elliott Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

### MEMORANDUM OPINION

HUVELLE, District Judge.

Plaintiff Judicial Watch, Inc. has sued the United States Naval Observatory under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that defendant failed to timely respond to its request for expedited processing of its request for documents and failed to disclose responsive documents. Defendant has moved to dismiss on the grounds that plaintiff has failed to exhaust administrative remedies. For the reasons discussed below, the Court will dismiss plaintiff's complaint for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiff submitted a request for documents pursuant to FOIA to defendant on May 22, 2001 by facsimile and May 23, 2001 by certified mail. Compl. ¶ 5. Plaintiff requested:

1. The guest list and/or access roster for any and all persons attending the reception at Vice President Cheney's residence on the evening of Monday, May 21, 2001.

2. The names of all non-US government personnel who entered the grounds of the U.S. Naval Observatory between the hours of 4:00 p.m. Monday, May 21, 2001 and 3:00 a.m. Tuesday, May 22, 2001.

3. Communications with the Republican National Committee ("RNC"), its directors, officers, employees, agents or volunteers concerning the reception held at Vice President Cheney's residence on the evening of Monday, May 21, 2001.

*Id.* Plaintiff also requested expeditious handling of its FOIA request pursuant to 32 C.F.R. § 701.8(f)(5). *Id.* ¶ 6. Defendant did not respond to plaintiff's request for expedited handling within 10 days as required by 32 C.F.R. § 701.8(f)(5), which also provides that failure to respond to a request for expedited processing in a timely manner shall be subject to judicial review. Plaintiff filed this lawsuit on June 11, 2001. Defendant responded to plaintiff's FOIA request by letter dated June 19, 2001, and stated that after a diligent search, it could not locate any responsive documents. Def. Mot. Ex. 2 at 1. The letter also informed plaintiff of its right to appeal in order to challenge the adequacy of the search within 60 calendar days. *Id.* at 2.

## ANALYSIS

Defendant has moved to dismiss arguing that it responded on time to plaintiff's request for documents and that plaintiff's failure to exhaust administrative remedies with respect to the substantive response deprives this Court of jurisdiction. Plaintiff responds that defendant's failure to respond to its request for expedited processing in a timely fashion amounts to a constructive exhaustion of administration remedies and therefore entitles it to file suit without actually exhausting its administrative remedies.

■ It is well settled that full and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA. *See, e.g., Spannaus v. U.S. Dep't of Justice,* 824 F.2d 52, 58 (D.C.Cir.1987) ("It goes without saying that exhaustion of remedies is required in FOIA cases. As this court has recently had occasion to state in the clearest of language, '[e]xhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.' ") (citation omitted). Where plaintiff has failed to exhaust its administrative remedies prior to filing with the court, the case is subject to dismissal for lack of subject matter jurisdiction.

■ Under 5 U.S.C. § 552(a)(6)(E)(iii), failure of an agency to timely respond to a request for expedited processing is subject to judicial review. However, FOIA also provides that "a district court . . . *shall not have jurisdiction* to review an agency denial of expedited processing of a request for records *after the agency has filed a complete response to the request."* 5 U.S.C. § 552(a)(6)(E)(iv) (emphasis added). Therefore, while plaintiff was entitled to file a lawsuit on June 11, 2001 for review of defendant's failure to respond to its request for expedited processing, because defendant has since provided a complete response to the request for records, this Court no longer has subject matter jurisdiction over the claim that defendant failed to expedite processing of plaintiff's request.

The question remains whether the Court has jurisdiction over plaintiff's claim that defendant has not conducted an adequate search. The statutory provision allowing for judicial review of a denial of a request for expedited processing, or failure to respond to such a request, in no way alters or repeals the time period for an agency's substantive determination of a request for records, which is 20 business days after

receipt of such a request. *See* 5 U.S.C. § 552(a)(6)(A)(i). It is undisputed that defendant responded to plaintiff's request for documents within the allotted time period. In response, plaintiff cites *Spannaus* for the proposition that "by 'deem[ing]' exhaustion to occur on expiration of the relevant time limits, the statute provides for constructive exhaustion, which permits early 'accrual' of a cause of action in the interests of timely disclosure. Once constructive exhaustion occurs, any available administrative appeal—i.e., actual exhaustion-becomes permissive in the sense in which the term is used here; the requester may pursue it, but his failure to do so does not bar a lawsuit." 824 F.2d at 58. While it is the case that if an agency fails to respond to a request for documents within the allotted time period, a plaintiff may file suit without further administrative proceedings, that principle has no applicability here, since defendant responded to plaintiff's request within the 20 day time period.

 Moreover, defendant's earlier failure to timely respond to the request for expedited processing is not equivalent to constructive exhaustion of administrative remedies as to the request for documents.[1] The statute provides that "failure by an agency to respond in a timely manner to [a request for expedited processing] shall be subject to judicial review ... except that the judicial review shall be based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii). It cannot be read to provide that such failure will operate to constructively exhaust administrative remedies as to the request for documents. The only claim that plaintiff was entitled to file on June 11, 2001, was a request for review of defendant's failure to timely re-

spond to its request for expedited processing, and as discussed above, the Court no longer has jurisdiction over that claim.

In sum, because defendant timely responded to plaintiff's request for documents, plaintiff was required to exhaust administrative remedies as to that request before filing suit to obtain documents or challenge the adequacy of the search. Because plaintiff did not do so, and the time for appeal has now expired (Def. Reply at 3; Def. Mot. Ex. 2), this case is dismissed with prejudice for lack of subject matter jurisdiction. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 65 (D.C.Cir.1990) ("[F]oregoing an administrative appeal will preclude the requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies."); *Spannaus*, 824 F.2d at 59 (noting that the statutory right to sue is suspended during the period in which administrative review is available or "entirely cut off (if the requester never appeals the denial)"); *Kay v. FCC*, 884 F.Supp. 1, 3 (D.D.C.1995) (dismissing case with prejudice for lack of subject matter jurisdiction where plaintiff failed to file an administrative appeal from the denial of his FOIA request and time period for filing such an appeal had elapsed).

### ORDER

Upon consideration of defendant's motion to dismiss, plaintiff's opposition, and defendant's reply, it is hereby

**ORDERED** that defendant's motion [3–1] is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

---

1. Indeed, *Spannaus* recognized only *"two* time limit provisions that trigger constructive exhaustion," the 20 day period to determine whether to comply with a request for docu-

ments, and the 20 day period to make a determination on an administrative appeal. 824 F.2d at 58.