**NATURAL RESOURCES DEFENSE COUNCIL Plaintiff,**

v.

**DEPARTMENT OF ENERGY, Defendant.**

**No. CIV.A.01–2545(GK).**

United States District Court, District of Columbia.

Feb. 21, 2002.

Eric Robert Glitzenstein, Howard Mesnikoff Crystal, Meyer & Glitzenstein, Washington, DC, for plaintiff.

Daniel Edward Bensing, U.S. Department of Justice, Federal Programs Branch, Anne L. Weismann, U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

### *MEMORANDUM–ORDER*

KESSLER, District Judge.

This is a Freedom of Information Act ("FOIA") 5 U.S.C. § 552 case in which Plaintiff Natural Resources Defense Council ("NRDC") seeks records from the Defendant Department of Energy ("DOE") related to the composition, activities, and operation of the Vice–President's National

Energy Policy Development Group ("NEPDG" or "Energy Task Force"). Plaintiff has filed an Expedited Motion for Release of Responsive Records and for a Vaughn Index. Upon consideration of the Motion, the government's Opposition, the Reply, and the declarations submitted by both parties, the Court concludes that the Motion should be **granted**, albeit with somewhat more generous deadlines than those requested by Plaintiff.

## I. Procedural Background

In January of 2001, President Bush created the Energy Task Force, appointed Vice–President Cheney to be its chair, and directed the Task Force to provide him with advice and recommendations regarding the future of United States energy policy. In addition to Vice–President Cheney, the Task Force's membership included the Secretaries of the Departments of Energy, Interior, Agriculture, Transportation, and Commerce, as well as the Administrator of the Environmental Protection Agency and the Director of the Office of Management and Budget.

During the next several months, the Task Force met with various individuals and groups, and in May 2001 issued its Report entitled "National Energy Policy: Report of the National Energy Policy Development Group."[1] The Report contained numerous recommendations, some of which are already being implemented.

On April 26, 2001, Plaintiff filed this FOIA request, seeking ten categories of DOE documents relating to the Task Force. On May 11, 2001, DOE made an initial release of 33 documents to Plaintiff[2] and granted its fee waiver request. On July 2, 2001, NRDC filed a constructive denial appeal with DOE's Office of Hearings and Appeals; on July 19, 2001, the appeal was denied. The present lawsuit was filed December 11, 2001.

No other records have been released by DOE in response to Plaintiff's FOIA request of April 26, 2001. DOE estimates that approximately 7500 pages are responsive to that request. DOE now requests that it be allowed until March 15, 2002, to provide Plaintiff with an initial release of approximately 500 pages of responsive documents, that it be allowed until April 15, 2002, to provide Plaintiff with a second release of responsive documents, and that it be allowed until May 15, 2002—more than one year after Plaintiff's initial request—to provide Plaintiff with a final package of the balance of responsive documents as well as an index describing documents or categories of documents that have been withheld in whole or in part.

## II. Analysis

 There can be little question that the Department of Energy has been woefully tardy in its processing of Plaintiff's FOIA request. While it is commonly accepted that no federal agency can meet the impossibly rigorous timetable set forth in the statute,[3] the fact of the matter is that after making a virtually meaningless release of some form letters back in May of 2001, the Department has done little of substance—apart from collecting and organizing responsive documents[4]—to respond

1. The Report may be found at the White House web page, *www.whitehouse.gov.*

2. These documents were copies of form letters sent by DOE to individuals inquiring about the work of the Task Force.

3. The statute provides that agencies of the federal government must respond to FOIA requests within twenty working days and, in unusual circumstances, may grant themselves an extension of ten additional days. 5 U.S.C. § 552(a)(6).

4. Indeed, it should be noted that it appears that DOE completed gathering all the responsive records on October 22, 2001.

to Plaintiff's request. It is very hard to discern from the declaration of the Department's FOIA Officer Abel Lopez what in the world Department personnel were doing from July 2001 through December 2001 when they were conducting "periodic" reviews of the 2,149 documents (comprising 7,584 pages) deemed responsive to the request.

What is even more distressing is that Plaintiff was not the only requester seeking this information. DOE concedes that it has at least 11 other similar FOIA requests seeking access to documents relating to the work of the Energy Task Force, and it would appear that none of those other requests have been responded to. While DOE cites the existence of these other pending requests to justify its failure to process NRDC's request, these other requests clearly involve overlapping and duplicative materials. Thus, by processing Plaintiff's request in a far more expeditious manner, as this Court will order, DOE will also be carrying out its FOIA responsibilities to the other 11 requesters.

In addition to having no legal, or practical, justification for working at a glacial pace on Plaintiff's FOIA request until suit was filed in December, the material which Plaintiff seeks is of extraordinary public interest. The subject of energy policy, especially since the terrible events of September 11, 2001, is of enormous concern to consumers, to environmentalists, to the Congress, and to industry. It is hardly any secret that Congress will shortly be considering these complex policy issues and, in an effort to fully prepare itself, has attempted to obtain information, through the General Accounting Office, about the Task Force's operations and the manner in which its recommendations were developed. Plaintiff is particularly concerned

about current implementation of the Task Force's recommendations and their environmental implications, about the secrecy in which the Task Force operated, the participation of various non-governmental officials who were consulted in developing the Task Force's recommendations, and whether there was compliance with the Federal Advisory Committee Act, 5 U.S.C.App. II, § 1 *et seq.*

■ The purpose of FOIA is to find out what our "government is up to". *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) That is precisely the purpose of the Plaintiff's FOIA request. The Government can offer no legal or practical excuse for its excessive delay in responding to that request and providing documents to which NRDC is legally entitled. Moreover, the time table DOE proposes to meet may well result in disclosing the relevant documents *after* the need for them in the formulation of national energy policy has been overtaken by events. For all these reasons, it is appropriate to grant Plaintiff's Motion.

### ORDER

Upon consideration of Plaintiff's Expedited Motion for Release of Responsive Records and for a *Vaughn* Index, the Opposition and Reply thereto, the status hearing held in this matter on February 8, 2002, and the entire record herein, it is hereby on this 21st day of February 2002

**ORDERED** that Defendant Department of Energy shall provide Plaintiff Natural Resources Defense Council (NRDC) with a package of non-exempt records, and parts of records, responsive to NRDC's April 2001 Freedom of Information Act (FOIA) request no later March 25, 2002,[5] and it is

---

5. The Court expects that this submission shall cover the vast majority of the non-exempt materials to be released to Plaintiff.

44

**FURTHER ORDERED** that Defendant Department of Energy shall provide Plaintiff Natural Resources Defense Council with a final package of all non-exempt records, and parts of records, responsive to NRDC's April 2001 FOIA request, no later than April 10, 2002;[6] and it is

**FURTHER ORDERED** that Defendant Department of Energy shall provide Plaintiff Natural Resources Defense Council with a complete *Vaughn* index detailing any responsive records, or parts of records, withheld from NRDC, no later than April 25, 2002.

6. The Court expects that this submission shall cover the relatively small amount of documents which were not included in the March 25, 2002, submission.