**JUDICIAL WATCH, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**No. CIV.A. 01–0981(PLF).**

United States District Court, District of Columbia.

March 5, 2002.

Paul J. Orfanedes, Klayman & Associates, PC, Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for Plaintiff.

Daniel Edward Bensing, U.S. Department of Justice, Federal Programs Branch, Washington, DC, for Defendants.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter came before the Court on plaintiff's expedited request for emergency status conference. The Court issued an order on February 7, 2002 scheduling a status conference for February 15, 2002, and directing the defendants to be prepared to advise the Court of the status of the FOIA responses from the various agencies to whom plaintiff had made FOIA requests. At plaintiff's request, the status conference was moved from February 15 to February 28, 2002.

I.

Plaintiff filed this lawsuit on May 9, 2001. Shortly thereafter, defendants filed a motion to dismiss, arguing that plaintiff had not exhausted its administrative remedies. Plaintiff's FOIA request was served on April 19, 2001. Under the Freedom of

Information Act, an agency has twenty days (excluding weekends and legal holidays) after receiving a FOIA request to determine whether it will produce or withhold the requested documents. *See* 5 U.S.C. § 552(a)(6)(A)(i). Defendants state that the twenty-day time period ran from April 19, 2001 through and including May 18, 2001. They therefore argue that plaintiff filed its lawsuit seven days (excluding weekends) too early, during a time period in which defendants could have responded to plaintiff's FOIA request. Defendants maintain that this Court lacks subject matter jurisdiction and must dismiss plaintiff's complaint.

While it is true that a requester generally must exhaust its administrative remedies under the Freedom of Information Act before coming to court, this is not a case where defendants provided some documents and invoked exemptions with respect to others within twenty days after it received the FOIA request. Nor is it a case where the defendants (with two exceptions) provided *any* response at all or *any* documents during the first twenty days or even at any time closely proximate to the twenty-day period.[1] With respect to seven of the nine agencies to which plaintiff made FOIA requests, plaintiff had not received any substantive response either by the time it filed its suit or by the time defendants say it should have filed suit, seven days later. Nearly ten months later, at least three agencies still have not responded to plaintiff's requests. In these

circumstances, it would be putting form over substance to dismiss the complaint and require plaintiff to start all over again by filing a new complaint.

Rather than dismissing this case, the Court will permit plaintiff to file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure.[2] A supplemental complaint may be permitted under Rule 15(d) in order to cure an asserted jurisdictional defect where it is suggested that a court lacks jurisdiction over the claim "at the time of its original filing" and the supplemental complaint cures the jurisdictional defect "by alleging the subsequent fact which eliminates the jurisdictional bar." *Wilson v. Westinghouse Electric·Corp.*, 838 F.2d 286, 290 (8th Cir.1988) (citing *Mathews v. Diaz*, 426 U.S. 67, 75, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976)). Permitting a supplemental pleading here will "promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir.1989); *see also Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed.1990). To do otherwise would be to create "precisely the kind of procedural mousetrap that the Federal Rules were designed to dismantle." *Wilson v. Westinghouse Electric Corp.*, 838 F.2d at 289.

---

1. The two exceptions are the Office of Management and Budget ("OMB") and the Federal Emergency Management Agency ("FEMA"). OMB acted promptly by notifying plaintiff on May 11, 2001 that it would avail itself of the ten additional working days authorized by the FOIA in which to respond to the request. *See* Defendants' Motion to Dismiss at 4. OMB then provided plaintiff with its final response on May 31, 2001. In the case of FEMA, plaintiff's request for a fee

waiver was denied on May 21, 2001, and plaintiff appealed that denial by letter dated May 29, 2001. *See id.* FEMA subsequently denied plaintiff's appeal.

2. Rule 15(d), Fed.R.Civ.P., authorizes a court to permit a party "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

In this case, the only additional fact that must be alleged in plaintiff's supplemental pleading is that on May 18, 2001, plaintiff had received no responses from defendants (other than for OMB and FEMA) to plaintiff's FOIA request. Under the FOIA itself and the law of this Circuit, had plaintiff filed suit on May 18, 2001, as defendants suggest would have been appropriate, instead of on May 9, 2001, plaintiff would be deemed to have constructively exhausted its administrative remedies at least as to those agencies that had not responded at all, and there would be no argument for dismissal. *See* 5 U.S.C. § 552(a)(6)(C); *Spannaus v. Department of Justice*, 824 F.2d 52, 58 (D.C.Cir.1987). On the basis of plaintiff's constructive exhaustion as of May 18, 2001, the Court will deny defendants' motion to dismiss and will permit plaintiff to file a supplemental complaint.[3]

## II.

Ten months now have passed since plaintiff filed its lawsuit. According to defendants, four of the agencies with whom plaintiff filed FOIA requests—OMB, the Department of the Interior, the Department of Agriculture and the Environmental Protection Agency—have responded to the requests in full. As noted, only OMB responded in a timely fashion. OMB found 374 documents that were responsive to plaintiff's FOIA request, it released six and invoked Exemption 5 with respect to the remainder. The Department of Interior released 40 documents comprising 407 pages. The Department of Agriculture identified 435 pages responsive to plaintiff's request, it released 360 pages and invoked exemptions with respect to others. The EPA released 143 documents, comprising 809 pages; it has withheld 19,524 pages.

Three agencies—the Department of Energy, the Department of Transportation and the Department of Commerce—are still processing plaintiff's FOIA requests and thus far have produced nothing. According to defendants, there are approximately 6,000 pages of documents among the universe of possibly responsive documents .at the Department of Transportation and 9,000 pages of documents at the Department of Commerce. As for the Department of Energy, defendants represent that there are approximately 7,500 pages of documents and that the potentially responsive documents at issue are the same documents that Judge Kessler recently directed the Energy Department to complete processing by April 10, 2002. *See Natural Resources Defense Council v. Department of Energy*, 191 F.Supp.2d 41 (D.D.C.2002) Memorandum Order.

With respect to two agencies—the Department of the Treasury and FEMA—plaintiff's fee waiver requests were denied.

---

**3.** Judge Huvelle's opinion in *Judicial Watch, Inc. v. United States Naval Observatory*, 160 F.Supp.2d 111 (D.D.C.2001), on which defendants rely, does not dictate a different result and in fact supports the application of the constructive exhaustion principle here. Except with respect to OMB, the defendants in this case, unlike the defendant agency before Judge Huvelle, had not complied with the statutory twenty-day time frame set by the FOIA by May 18, 2001. *See id.* at 113. As Judge Huvelle noted, the statutory provision allowing for judicial review of a request for expedited processing or the failure to respond to such a request

> in no way alters or repeals the time period for an agency's substantive determination of a request for records, which is 20 business days after receipt of such a request.... [I]f an agency fails to respond to a request for documents within the allotted time period, a plaintiff may file suit without further administrative proceedings....

*Id.* at 112–13.

The agencies therefore stopped processing plaintiff's FOIA requests until plaintiff either agreed to pay the fee or appealed the denial. As noted, FEMA ultimately denied plaintiff's fee waiver appeal. According to defendants, plaintiff missed the filing time to appeal from Treasury's fee waiver denial.

Based upon the foregoing and the representations made by counsel in court at the status conference on February 28, 2002, it is hereby

ORDERED that defendants' motion to dismiss is DENIED; it is

FURTHER ORDERED that on or before March 12, 2002, plaintiff shall file its supplemental complaint which shall be treated as if it had been filed on May 18, 2001; it is

FURTHER ORDERED that defendants Office of Management and Budget, the Department of Interior and the Department of Agriculture shall provide any additional non-exempt records, and parts of records, responsive to plaintiff's FOIA requests (if any), along with a complete *Vaughn* Index detailing any responsive records, or parts of records, withheld no later than March 25, 2002; it is

FURTHER ORDERED that the Department of Energy and the EPA shall provide plaintiff with a package of non-exempt records, and parts of records, responsive to plaintiff's FOIA requests no later than March 25, 2002, this submission to cover the vast majority of the non-exempt materials to be released; it is

FURTHER ORDERED that the Department of Energy and the EPA shall provide plaintiff with a final package of all non-exempt records, and parts of records, responsive to plaintiff's FOIA requests no later than April 10, 2002, these submissions to cover the relatively small number of documents not included in the March 25, 2002 submission; it is

FURTHER ORDERED that the Department of Energy and the EPA shall provide plaintiff with a complete *Vaughn* Index detailing any responsive records, or parts of records, withheld from plaintiff, no later than April 25, 2002; it is

FURTHER ORDERED that the Department of Transportation and the Department of Commerce shall provide plaintiff with a complete package of all non-exempt records, and parts of records, responsive to plaintiff's FOIA requests no later than May 3, 2002; it is

FURTHER ORDERED that the Department of Transportation and the Department of Commerce shall provide plaintiff with a complete *Vaughn* Index detailing any responsive records, or parts of records, withheld from plaintiff no later than May 15, 2002; and it is

FURTHER ORDERED that counsel shall confer and propose a joint briefing schedule with respect to dispositive motions concerning the documents withheld and the FOIA exemptions invoked by each of the foregoing agencies, as well as with respect to the fee waiver denials of FEMA and the Department of the Treasury. While the Court understands that plaintiff may not be willing to postpone all briefing until after the last submission by defendants, the Court encourages the parties to agree upon a way to group certain agencies together so as to have as few separate sets of briefs and as few different briefing schedules as possible. If the parties cannot agree on a joint briefing schedule by March 18, 2002, after making good faith efforts to do so, they may file separate

submissions setting forth their different views as to how the case should be briefed.

SO ORDERED.